Filed 11/8/17

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| Estate of VICTOR REED, Deceased. | |
| DANIEL REED,<br><br>　　　　Petitioner and Respondent,<br><br>v.<br><br>WILLIAM REED,<br><br>　　　　Objector and Appellant;<br><br>SHELLEY OCAÑA, as Executor, etc.,<br><br>　　　　Respondent. | A148678<br><br>(Sonoma County<br>Super. Ct. No. SPR-82625) |

　　　　In this probate case, William Reed appeals a 2016 statement of decision removing him as the personal representative of the probate estate. William had previously been removed pursuant to an order of the trial court issued in April 2015, which explicitly referred to a forthcoming written decision that would set forth the basis for the removal order. In the published portion of this opinion, we reject respondents' argument that the April 2015 order was immediately appealable because we conclude the trial court had expressly reserved jurisdiction to issue a further statement of its reasons and the order was therefore not final. In the unpublished portion, we affirm the trial court's rulings.

---

[*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts I.C. and II.

BACKGROUND

William and Daniel Reed[1] are the children of Victor Reed (Decedent), and are identified in Decedent's will as the beneficiaries of his estate (the Estate). In 2010, the probate court appointed William as the personal representative of the Estate.

In 2014, Daniel filed a petition alleging that, although William was appointed as personal representative of the Estate in July 2010, he had not yet filed any reports on the status of the administration of the Estate. The petition also alleged multiple notices of default had been recorded against certain real property owned by the Estate, William had not rented out the real property or otherwise made it productive, and Daniel did not know the status of the remaining assets of the Estate. The petition sought to compel William to file an inventory and appraisal, order him to reimburse the Estate for losses incurred due to his conduct, and remove him as personal representative.

Trial on the petition was held in March 2015. At the conclusion of the trial, the court orally announced its decision to remove William as personal representative and to appoint Shelley Ocaña in his place. The final statement of decision (the Statement of Decision) issued in April 2016. William appealed from the Statement of Decision.[2]

DISCUSSION

I. *Appealability*

Respondents challenge the appealability of the Statement of Decision. William relies on Probate Code section 1300, subdivision (g), which provides that an order "[s]urcharging, removing, or discharging a fiduciary" is appealable, and section 1303, subdivision (a), which provides that an order "[g]ranting or revoking letters to a personal representative," with exceptions not relevant here, is appealable. (See also Code Civ.

---

[1] For convenience, we refer to William and Daniel by their first names. No disrespect is intended.

[2] This court granted Ocaña's motion to participate in the instant appeal as a respondent. She filed a response brief, which Daniel joined in its entirety (Cal. Rules of Court, rule 8.200(a)(5)). We refer to Ocaña and Daniel collectively as Respondents.

2

Proc., § 904.1, subd. (a)(10) [appeal may be taken from "an order made appealable by the provisions of the Probate Code"].)

A. *Statement of Decision*

Respondents argue that statements of decision are nonappealable. This is effectively an argument that the appeal is premature. We reject this contention.

"The general rule is that a statement or memorandum of decision is not appealable. [Citations.] The rule's practical justification is that courts typically embody their final rulings not in statements of decision but in orders or judgments. Reviewing courts have discretion to treat statements of decision as appealable when they must, as when a statement of decision is signed and filed and does, in fact, constitute the court's final decision on the merits." (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 901.)

The Statement of Decision includes a section entitled "Orders," which includes the following: "Finds that it is in the best interest of the Estate to remove [William] from his position as executor of the Estate." This is most reasonably construed as an order removing a fiduciary, an appealable order under the Probate Code. (Prob. Code, § 1300, subd. (g).) Because the Probate Code provides for an appeal from an order removing a fiduciary, the appeal should not be dismissed on the ground that the order appears in a statement of decision rather than a separate order or judgment.

B. *April 2015 Order*

Respondents next argue the final order removing William as personal representative issued in April 2015 and, because William did not file a timely notice of appeal from the April 2015 order, this court lacks jurisdiction to review that order now.

1. *Background*

At the conclusion of the March 2015 trial, the trial court issued an oral ruling finding William should be removed as personal representative. Because the Estate was in the process of negotiating the sale of real property and the court did not want William's removal to be an impediment to the sale, the court suspended William's powers as personal representative except for those powers connected to signing documents

3

regarding the sale of the property in question. The court appointed Ocaña as executor, effective the day after escrow closed. William requested a statement of decision and the court directed Daniel to prepare one.

In April 2015, the parties returned to court. The sale of the Estate's real property was not yet final but the court, after finding William had exceeded his limited retained powers by signing for a mechanic's lien on the Estate property, suspended all of his powers as personal representative with the exception of the power to write an insurance check for the real property.[3] The court's written order provided William "be removed effectively immediately after he has paid approximately $233 from estate funds toward premise[s] insurance, as he has represented that it is due April 8, 2015" and ordered "the immediate appointment" of Ocaña as personal representative of the Estate. The written order further provided: "A written tentative decision addressing the issues covered by paras. 1-9 and confirming the court's announcement of its decision from the bench on March 17, 2015 [the date of trial] as modified April 1, 2015 [the date of the mechanic's lien hearing] will be issued separately." Paragraphs 1 through 9 of the proposed order, which the trial court struck out, were proposed findings regarding William's conduct as personal representative of the Estate, including the finding that "it is in the best interest of the Estate to remove [William]." Also in April 2015, the court issued letters of administration to Ocaña. The Statement of Decision issued one year later, in April 2016.

2. *Analysis*

Respondents argue the court's April 2015 order removing William as personal representative was immediately appealable, and William's failure to appeal that order renders the current appeal untimely.

"The orders listed as appealable in the Probate Code must be challenged timely or they become final and binding." (*Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1450,

---

[3] Respondents argue William stipulated to this order, suggesting he forfeited his ability to challenge the ruling on appeal. William agreed that his removal be immediate, rather than delayed, in order to facilitate the sale of Estate property. We do not construe his agreement regarding the timing of his removal as an agreement to the removal itself.

4

fn. 5.)  "Once a final, appealable order or judgment has been entered, the time to appeal begins to run.  The Rules of Court do not provide, once a judgment or appealable order has been entered, that the time to appeal can be restarted or extended by the filing of a subsequent judgment or appealable order making the same decision."  (*Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th 579, 583 (*Laraway*).)

In this case, however, a statement of decision was requested, and the April 2015 order removing William explicitly referred to a forthcoming written decision setting forth the basis for the removal order.  "The statutory statement of decision process following ' "the trial of a question of fact by the court" . . . [¶] . . . "is for the benefit of the court and the parties.  To the court it gives an opportunity to place upon [the] record, in definite written form, its view of the facts and the law of the case, and to make the case easily reviewable on appeal by exhibiting the exact grounds upon which judgment rests.  To the parties, it furnishes the means, in many instances, of having their cause reviewed without great expense." '  [Citation.]  A proper statement of decision is thus essential to effective appellate review.  'Without a statement of decision, the judgment is effectively insulated from review by the substantial evidence rule,' as we would have no means of ascertaining the trial court's reasoning or determining whether its findings on disputed factual issues support the judgment as a matter of law."  (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981–982 (*Thompson*).)

Moreover, "[u]nder [Code of Civil Procedure] section 916, 'the trial court is divested of' subject matter jurisdiction over any matter embraced in or affected by the appeal during the pendency of that appeal.  [Citation.]  'The effect of the appeal is to remove the subject matter of the order from the jurisdiction of the lower court . . . .'  [Citation.]  Thus, 'that court is without power to proceed further as to any matter embraced therein until the appeal is determined.' "  (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 196–197, fn. omitted.)  By including a statement that a further written order setting forth underlying factual findings would be forthcoming, the trial court effectively reserved jurisdiction over the matter.  (Cf. *Laraway, supra,* 98 Cal.App.4th at p. 583 [order appealable where "it contemplated no further action, such as

5

the preparation of another order or judgment"]; *Delany v. Toomey* (1952) 111 Cal.App.2d 570, 574 [minute order lacking required findings of fact is not an appealable order].) If such an order were immediately appealable, the trial court would instead be *divested* of jurisdiction and precluded from issuing a statement of decision during the pendency of the appeal. We see no benefit—and significant detriment—to such a process.

We therefore conclude that the April 2015 order, which explicitly referenced a forthcoming written decision on the findings underlying the order, was not a final appealable order removing William. For the same reasons, we reject Respondents' argument that the instant appeal is untimely because William failed to appeal the April 2015 order granting Ocaña letters of administration.

C. *Other Orders*

In the "Orders" section of the Statement of Decision, the trial court issued three orders in addition to the order removing William. The court ordered William to file a final accounting and report, reserved ruling on "issues of damages arising from any wrongful conduct of [William]" until after the final accounting was filed, and ruled Daniel was entitled to costs of suit against William. In this appeal, William raises challenges to these three additional orders.

The Probate Code provisions relied on by William authorize the immediate appeal of orders "removing . . . a fiduciary" or "[g]ranting or revoking letters to a personal representative." (Prob. Code, §§ 1300, subd. (g), 1303, subd. (a).) Neither of these provisions encompass orders directing a final accounting and report be filed, reserving the issue of damages arising from the wrongful conduct of a fiduciary, or determining an entitlement to costs.

William argues the Statement of Decision included appealable orders and therefore *any* order contained in the Statement of Decision is appealable. He cites no authority for this proposition. To the contrary, an order or judgment "may have both final, appealable portions and interlocutory, nonappealable portions." (*P R Burke Corp. v. Victor Valley Wastewater Reclamation Authority* (2002) 98 Cal.App.4th 1047, 1053.)

6

The portions of the Statement of Decision ordering a final accounting, reserving the issue of damages, and determining Daniel's entitlement to costs are nonappealable.

II. *The Statement of Decision*

We now turn to William's challenges to the appealable portion of the Statement of Decision relating to his removal as personal representative. As discussed below, we reject his challenges.[4]

A. *Controverted Issues*

William argues the Statement of Decision fails to address all of the principal controverted issues at trial. Respondents contend William forfeited this argument by failing to specify any controverted issues in his request for a statement of decision. We agree with Respondents.

"The request for a statement of decision shall specify those controverted issues as to which the party is requesting a statement of decision." (Code Civ. Proc., § 632.)[5] A party that "failed to specify that the statement of decision should address" a particular issue "is deemed to have waived its right to object to the failure of the statement of decision to do so," even when the party raised the issue in objections to the tentative

---

[4] Because we reject William's challenges to the Statement of Decision, we need not decide whether, as Respondents contend, he forfeited them by failing to timely request a statement of decision.

[5] For the first time at oral argument, William contended California Rules of Court, rule 3.1590(n) provides no specification of controverted issues is required for trials completed within one day. This argument is forfeited (*People v. Thompson* (2010) 49 Cal.4th 79, 110, fn. 13) and, in any event, meritless. The cited rule solely addresses the timing of a request for statement of decision. (Cal. Rules of Court, rule 3.1590(n) ["When a trial is completed within one day or in less than eight hours over more than one day, a request for statement of decision must be made before the matter is submitted for decision and the statement of decision may be made orally on the record in the presence of the parties."].) It does not controvert—nor could it—the statutory requirement contained in Code of Civil Procedure section 632. (Code Civ. Proc., § 632 ["The request for a statement of decision shall specify those controverted issues as to which the party is requesting a statement of decision."]; *California Court Reporters Assn. v. Judicial Council of California* (1995) 39 Cal.App.4th 15, 22 ["the Judicial Council may not adopt rules that are inconsistent with governing statutes"].)

7

statement. (*City of Coachella v. Riverside County Airport Land Use Com.* (1989) 210 Cal.App.3d 1277, 1292.) "[A] general, nonspecific request for a statement of decision does not operate to compel a statement of decision as to all material, controverted issues." (*Id.* at pp. 1292–1293.)

When William requested a statement of decision, he did not identify any controverted issues. He has forfeited his argument that the Statement of Decision failed to address any specific controverted issues.[6]

B. *Factual Findings*

William challenges a number of the trial court's factual findings. We reject several of these challenges, and find it unnecessary to resolve the remainder.

1. *Findings Regarding Animosity and Neglect*

The Statement of Decision provides: "A great amount of dissention and animosity exists between [William] and [Daniel]. [William] failed to put those feelings aside to attend to the timely administration of the Estate. [William] neglected his responsibilities to the beneficiaries of the Estate, to the creditors of the Estate, and to the Court. (Probate Code section 8502(c).)"[7]

The Statement of Decision consists of Daniel's proposed statement with the trial court's handwritten changes. This finding includes several strike-outs and interlineations by the trial court. However, a duplicate of the page of Daniel's proposed statement

---

[6] William argues Respondents forfeited this argument by failing to object below that his request for a statement of decision did not identify controverted issues. William cites cases involving an appellant's forfeiture of an argument that the trial court erred by failing to raise the issue below. These cases are not authority for the proposition that a respondent must preserve below an argument that an appellant forfeited an issue.

[7] Probate Code section 8502 provides, in its entirety: "A personal representative may be removed from office for any of the following causes: [¶] (a) The personal representative has wasted, embezzled, mismanaged, or committed a fraud on the estate, or is about to do so. [¶] (b) The personal representative is incapable of properly executing the duties of the office or is otherwise not qualified for appointment as personal representative. [¶] (c) The personal representative has wrongfully neglected the estate, or has long neglected to perform any act as personal representative. [¶] (d) Removal is otherwise necessary for protection of the estate or interested persons. [¶] (e) Any other cause provided by statute."

8

including this finding appears immediately following this page; on the duplicate page, the trial court struck the entire paragraph instead of incorporating the changes made on the previous page. William argues—without citation to authority—that the duplicate page, occurring second, controls and eliminates the finding from the Statement of Decision altogether. We disagree. The duplicate page was an apparent mistake; in any event, the omission of the finding from the duplicate page does not contradict or nullify the express finding on the first page.

William argues dissention and animosity alone are not grounds for removal under the Probate Code. Assuming this to be so, at most it renders this sentence of the finding immaterial. William cites no authority that the inclusion of an immaterial finding is reversible error. William next contends the finding that he neglected his responsibilities to the Estate beneficiaries and creditors and to the court is a conclusion of law and fails to identify ultimate facts showing his wrongful neglect. To the extent he is correct, other findings supply these ultimate facts, as we discuss below.

William suggests the citation to Probate Code section 8502, subdivision (c), is ambiguous. We disagree. The provision authorizes the removal of a personal representative who "has wrongfully neglected the estate . . . ." The finding that William neglected his duties to the Estate beneficiaries, creditors, and the court, followed by a citation to this provision, clearly indicates the trial court was relying on this provision in its decision to remove William as personal representative.

2. *Findings Regarding Estate Information and Estate Real Property*

William challenges the following three findings:

"During the course of the administration, [Daniel] repeatedly requested that [William] provide him with information regarding the status of the administration of the Estate. The evidence presented at trial established that [William] either ignored those requests or, placed unreasonable conditions upon his agreement to provide information. [William], for example, refused to provide information to [Daniel] other than in an in-person meeting attended by [Daniel] and his attorney."

9

"Four . . . foreclosure proceedings [involving real property owned by the Estate] were instituted by the mortgage holder during the course of the administration of the Estate by [William].  The evidence presented at trial established that [William] failed to take reasonable steps to ensure that the mortgage was being paid on a timely basis.  As a result, foreclosure proceedings were instituted.  Penalties in an amount to be borne out by the accounting to be prepared by [William] were incurred as a result of the foreclosure proceedings.  These penalties were estimated to be as high as $10,000 at trial."

"[William] failed to timely deal with the real property owned by the Estate. [William] failed to take any steps to prepare the property for timely sale, to evaluate whether it was more advantageous for the Estate to retain the property or to sell it, or to take the necessary steps to rent the property in order to generate income for the Estate during the course of the administration of the Estate, which has lasted over five years at this point."

As to each of these findings, William conclusorily contends they lack substantial evidence, but provides no discussion of the facts or record citations supporting his assertion (other than citations to his objections to the proposed statement of decision, which themselves contained no discussion of the facts or citations to trial evidence).  "A party who challenges the sufficiency of the evidence to support a finding must set forth, discuss, and analyze all the evidence on that point, both favorable and unfavorable."  (*Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218.)  Where, as here, an appellant "has failed in his obligations concerning the discussion and analysis of a substantial evidence issue, we deem the issue waived."  (*Ibid*; see also *Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384 (*Lonely Maiden*) [" 'It is the duty of counsel to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal.  [Citation.]  If no citation "is furnished on a particular point, the court may treat it as waived." ' "].)

William also claims the findings fail to supply ultimate facts.  He argues the Statement of Decision must include the underlying facts establishing he ignored or placed

10

unreasonable conditions upon Daniel's requests for information, did not take steps to ensure the mortgage was being timely paid, and failed to timely sell or rent the Estate real property. "A statement of decision need not address all the legal and factual issues raised by the parties. Instead, it need do no more than state the grounds upon which the judgment rests, without necessarily specifying the particular evidence considered by the trial court in reaching its decision. [Citations.] '[A] trial court rendering a statement of decision under . . . section 632 is required to state only ultimate rather than evidentiary facts because findings of ultimate facts necessarily include findings on all intermediate evidentiary facts necessary to sustain them.' " (*Muzquiz v. City of Emeryville* (2000) 79 Cal.App.4th 1106, 1124–1125.) " '[T]he term "ultimate fact" generally refers to a core fact, such as an essential element of a claim.' " (*Thompson, supra,* 6 Cal.App.5th at p. 983.) The findings are sufficient findings of ultimate facts, establishing the basis for the trial court's conclusion that William wrongfully neglected the Estate and should be removed. It was not necessary for the trial court to identify the evidentiary facts supporting these ultimate facts.

With respect to the finding regarding Daniel's requests for information, William argues he had no duty to deliver records to Daniel and the finding that he imposed unreasonable conditions on Daniel's access to Estate information was an erroneous conclusion of law. He provides no legal authority to support these contentions. "We need not consider an argument for which no authority is furnished." (*Dabney v. Dabney* (2002) 104 Cal.App.4th 379, 384 (*Dabney*).)

With respect to the finding about foreclosures, William argues there was insufficient evidence to establish with reasonable certainty any amount of loss to the Estate resulting from these foreclosures. He fails to reference facts or provide record citations supporting this proposition; he also cites no legal authority that damages in an amount certain must be proven to sustain an order removing a personal representative. We decline to consider these forfeited arguments. (*Lonely Maiden, supra,* 201 Cal.App.4th at p. 384; *Dabney, supra,* 104 Cal.App.4th at p. 384.)

11

Finally, with respect to the finding that William failed to timely deal with the Estate real property, William argues the term "timely deal" is ambiguous and not a statement of ultimate fact. The additional finding that William neither rented the property, sold it, prepared it for sale, or evaluated whether it should be retained or sold, in over five years of estate administration, eliminates any ambiguity and supplies any necessary supporting ultimate facts.

We therefore reject William's challenges to these three groups of factual findings. Further, these findings are sufficient to support the removal order. The findings—William failed to reasonably provide information upon request to Daniel, failed to timely pay the mortgage causing four foreclosure proceedings on Estate real property and subsequent penalties, and failed to take any steps to generate income for the Estate from the Estate real property—provide ample support for the finding that he wrongfully neglected the Estate (Prob. Code, § 8502, subd. (c)).[8]

We need not address William's challenges to other factual findings. "[E]ven when [a statement of decision] fails to make required findings, 'if the judgment is otherwise supported, the omission to make such findings is harmless error unless the evidence is sufficient to sustain a finding in the complaining party's favor which would have the effect of countervailing or destroying other findings.' " (*Pallco Enterprises, Inc. v. Beam* (2005) 132 Cal.App.4th 1482, 1501.) None of William's challenges to other factual findings—even if meritorious—would support a finding that countervailed or contradicted the three findings discussed above. Therefore, any error is harmless.

C. *Due Process*

_____

[8] William contends the order finding his removal in the best interests of the Estate is insufficient because it fails to identify which specific finding supports the removal. He fails to demonstrate any such error requires reversal. "The failure to make a finding on an issue raised in the pleadings is harmless error when the missing finding reasonably may be found to be implicit in other findings." (*People v. Casa Blanca Convalescent Homes, Inc.* (1984) 159 Cal.App.3d 509, 527, abrogated on other grounds in *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 184–185.) The three findings we discuss above implicitly constitute a finding that William wrongfully neglected the Estate. (Prob. Code, § 8502, subd. (c).)

William challenges a finding that he accepted receipt of a mechanic's lien after the court suspended his power to do so. William argues these facts occurred after the close of evidence at trial, therefore the inclusion of the finding in the Statement of Decision violated his due process rights. Assuming the inclusion of the finding in the Statement of Decision was improper, William fails to demonstrate any prejudice from the error. As discussed above, the removal order was independently supported by other factual findings. William contends the error was structural, affecting the fundamental integrity of the proceedings. To the contrary, the finding was discrete and wholly unnecessary to support the removal order.

## DISPOSITION

The order is affirmed. Respondents shall recover their costs on appeal.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

NEEDHAM, J.

(A148678)

Superior Court of Sonoma County, No. SPR-82625, Hon. Hon. Nancy Schaffer, Judge.

Knitter & Knitter, David G. Knitter; William Reed, in pro. per., for Objector and Appellant.

Friedemann Goldberg, Stephanie Barber Hess, John N. MacLeod; Ballard Law Office and Benjamin H. Ballard, for Petitioner and Respondent.

Spaulding McCullough & Tansil, Gregory G. Spaulding, Carmen D. Sinigiani, for Respondent Shelley Ocaña.