SIMONS, J.
*1124 In this probate case, William Reed appeals a 2016 statement of decision removing him as the personal representative of the probate estate. William had previously been removed pursuant to an order of the trial court issued in April 2015, which explicitly referred to a forthcoming written *1125 decision that would set forth the basis for the removal order. In the published portion of this opinion, we reject respondents' argument that the April 2015 order was immediately appealable because we conclude the trial court had expressly reserved jurisdiction to issue a further statement of its reasons and the order was therefore not final. In the unpublished portion, we affirm the trial court's rulings.
BACKGROUND
William and Daniel Reed[1] are the children of Victor Reed (Decedent), and are identified in Decedent's will as the beneficiaries of his estate (the Estate). In 2010, the probate court appointed William as the personal representative of the Estate.
In 2014, Daniel filed a petition alleging that, although William was appointed as personal representative of the Estate in July 2010, he had not yet filed any reports on the status of the administration of the Estate. The petition also alleged multiple notices of default had been recorded against certain real property owned by the Estate, William had not rented out the real property or otherwise made it productive, and Daniel did not know the status of the remaining assets of the Estate. The petition *29 sought to compel William to file an inventory and appraisal, order him to reimburse the Estate for losses incurred due to his conduct, and remove him as personal representative.
Trial on the petition was held in March 2015. At the conclusion of the trial, the court orally announced its decision to remove William as personal representative and to appoint Shelley Ocaña in his place. The final statement of decision (the Statement of Decision) issued in April 2016. William appealed from the Statement of Decision.[2]
DISCUSSION
I. Appealability
Respondents challenge the appealability of the Statement of Decision. William relies on Probate Code section 1300, subdivision (g), which provides that an order "[s]urcharging, removing, or discharging a fiduciary" is appealable, and section 1303, subdivision (a), which provides that an order "[g]ranting or revoking letters to a personal representative," with exceptions not *1126 relevant here, is appealable. (See also Code Civ. Proc., § 904.1, subd. (a)(10) [appeal may be taken from "an order made appealable by the provisions of the Probate Code"].)
A. Statement of Decision
Respondents argue that statements of decision are nonappealable. This is effectively an argument that the appeal is premature. We reject this contention.
"The general rule is that a statement or memorandum of decision is not appealable. [Citations.] The rule's practical justification is that courts typically embody their final rulings not in statements of decision but in orders or judgments. Reviewing courts have discretion to treat statements of decision as appealable when they must, as when a statement of decision is signed and filed and does, in fact, constitute the court's final decision on the merits." ( Alan v. American Honda Motor Co., Inc. (2007) 40 Cal.4th 894, 901, 55 Cal.Rptr.3d 534, 152 P.3d 1109.)
The Statement of Decision includes a section entitled "Orders," which includes the following: "Finds that it is in the best interest of the Estate to remove [William] from his position as executor of the Estate." This is most reasonably construed as an order removing a fiduciary, an appealable order under the Probate Code. ( Prob. Code, § 1300, subd. (g).) Because the Probate Code provides for an appeal from an order removing a fiduciary, the appeal should not be dismissed on the ground that the order appears in a statement of decision rather than a separate order or judgment.
B. April 2015 Order
Respondents next argue the final order removing William as personal representative issued in April 2015 and, because William did not file a timely notice of appeal from the April 2015 order, this court lacks jurisdiction to review that order now.
1. Background
At the conclusion of the March 2015 trial, the trial court issued an oral ruling finding William should be removed as personal representative. Because the Estate was in the process of negotiating the sale of real property and the court did not want William's removal to be an impediment to *30 the sale, the court suspended William's powers as personal representative except for those powers connected to signing documents regarding the sale of the property in question. The court appointed Ocaña as executor, effective the day after *1127 escrow closed. William requested a statement of decision and the court directed Daniel to prepare one.
In April 2015, the parties returned to court. The sale of the Estate's real property was not yet final but the court, after finding William had exceeded his limited retained powers by signing for a mechanic's lien on the Estate property, suspended all of his powers as personal representative with the exception of the power to write an insurance check for the real property.[3] The court's written order provided William "be removed effectively immediately after he has paid approximately $233 from estate funds toward premise[s] insurance, as he has represented that it is due April 8, 2015" and ordered "the immediate appointment" of Ocaña as personal representative of the Estate. The written order further provided: "A written tentative decision addressing the issues covered by paras. 1-9 and confirming the court's announcement of its decision from the bench on March 17, 2015 [the date of trial] as modified April 1, 2015 [the date of the mechanic's lien hearing] will be issued separately." Paragraphs 1 through 9 of the proposed order, which the trial court struck out, were proposed findings regarding William's conduct as personal representative of the Estate, including the finding that "it is in the best interest of the Estate to remove [William]." Also in April 2015, the court issued letters of administration to Ocaña. The Statement of Decision issued one year later, in April 2016.
2. Analysis
Respondents argue the court's April 2015 order removing William as personal representative was immediately appealable, and William's failure to appeal that order renders the current appeal untimely.
"The orders listed as appealable in the Probate Code must be challenged timely or they become final and binding." ( Estate of Gilkison (1998) 65 Cal.App.4th 1443, 1450, fn. 5, 77 Cal.Rptr.2d 463.) "Once a final, appealable order or judgment has been entered, the time to appeal begins to run. The Rules of Court do not provide, once a judgment or appealable order has been entered, that the time to appeal can be restarted or extended by the filing of a subsequent judgment or appealable order making the same decision." ( Laraway v. Pasadena Unified School Dist. (2002) 98 Cal.App.4th 579, 583, 120 Cal.Rptr.2d 213 ( Laraway ).)
*1128 In this case, however, a statement of decision was requested, and the April 2015 order removing William explicitly referred to a forthcoming written decision setting forth the basis for the removal order. "The statutory statement of decision process following ' "the trial of a question of fact by the court" ... [¶] ... "is for the benefit of the court and the parties. To the court it gives an opportunity to place upon [the] record, in definite written form, its view of the facts and the law of the case, and to make the case easily reviewable on appeal by exhibiting the exact grounds upon which judgment rests. To the parties, it furnishes the means, in many instances, of having their cause reviewed without great expense." ' [Citation.] A proper *31 statement of decision is thus essential to effective appellate review. 'Without a statement of decision, the judgment is effectively insulated from review by the substantial evidence rule,' as we would have no means of ascertaining the trial court's reasoning or determining whether its findings on disputed factual issues support the judgment as a matter of law." ( Thompson v. Asimos (2016) 6 Cal.App.5th 970, 981-982, 212 Cal.Rptr.3d 158 ( Thompson ).)
Moreover, "[u]nder [Code of Civil Procedure] section 916, 'the trial court is divested of' subject matter jurisdiction over any matter embraced in or affected by the appeal during the pendency of that appeal. [Citation.] 'The effect of the appeal is to remove the subject matter of the order from the jurisdiction of the lower court ....' [Citation.] Thus, 'that court is without power to proceed further as to any matter embraced therein until the appeal is determined.' " ( Varian Medical Systems, Inc. v. Delfino (2005) 35 Cal.4th 180, 196-197, 25 Cal.Rptr.3d 298, 106 P.3d 958, fn. omitted.) By including a statement that a further written order setting forth underlying factual findings would be forthcoming, the trial court effectively reserved jurisdiction over the matter. (Cf. Laraway, supra, 98 Cal.App.4th at p. 583, 120 Cal.Rptr.2d 213 [order appealable where "it contemplated no further action, such as the preparation of another order or judgment"]; Delany v. Toomey (1952) 111 Cal.App.2d 570, 574, 245 P.2d 26 [minute order lacking required findings of fact is not an appealable order].) If such an order were immediately appealable, the trial court would instead be divested of jurisdiction and precluded from issuing a statement of decision during the pendency of the appeal. We see no benefit-and significant detriment-to such a process.
We therefore conclude that the April 2015 order, which explicitly referenced a forthcoming written decision on the findings underlying the order, was not a final appealable order removing William. For the same reasons, we reject Respondents' argument that the instant appeal is untimely because William failed to appeal the April 2015 order granting Ocaña letters of administration.
*1129 C. Other Orders**
II. The Statement of Decision***
DISPOSITION
The order is affirmed. Respondents shall recover their costs on appeal.
We concur.
JONES, P.J.
NEEDHAM, J.

For convenience, we refer to William and Daniel by their first names. No disrespect is intended.

This court granted Ocaña's motion to participate in the instant appeal as a respondent. She filed a response brief, which Daniel joined in its entirety (Cal. Rules of Court, rule 8.200(a)(5) ). We refer to Ocaña and Daniel collectively as Respondents.

Respondents argue William stipulated to this order, suggesting he forfeited his ability to challenge the ruling on appeal. William agreed that his removal be immediate, rather than delayed, in order to facilitate the sale of Estate property. We do not construe his agreement regarding the timing of his removal as an agreement to the removal itself.

See footnote *, ante.

See footnote *, ante.