Filed 8/19/21  Estate of Brown CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| Estate of MANDANA KABIRI BROWN, Deceased. | B305891 |
| | (Los Angeles County Super. Ct. No. 18STPB01561) |
| ROXANA K. CHAMOUILLE, as Administrator, | |
| Petitioner and Respondent, | |
| v. | |
| KIRK BROWN, | |
| Objector and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Clifford L. Klein, Judge.  Affirmed.

Kirk Brown, in pro per., for Objector and Appellant.

Buchalter and Robert M. Dato; Oldman, Cooley, Sallus, Birnberg, Coleman & Gold, Jamie N. Gonzalez and Jeffrey M. Oberto for Petitioner and Respondent.

# INTRODUCTION

Roxana Kabiri Chamouille filed a probate petition when her sister, Mandana Kabiri Brown, died. The probate court appointed Chamouille special administrator of Mandana's estate after Chamouille produced a holographic will she claimed was signed by Mandana. The holographic will gave most of Mandana's assets to Chamouille, some assets to their (Mandana and Chamouille's) parents, and almost nothing to Mandana's husband, Kirk Brown (Brown). Brown filed two petitions to contest the will, alleging the holographic will was a forgery. The probate court dismissed each petition because Brown did not serve all interested parties. Chamouille filed a request to approve her final accounting. Brown did not object to the accounting, and the probate court entered a final distribution order. Brown appeals from that order. We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

A. *Chamouille Files a Probate Petition*

Brown and Mandana married in 2015, and Mandana died in January 2018. In February 2018 Chamouille filed a petition to admit Mandana's will to probate, attaching the holographic will Chamouille alleged Mandana wrote and signed in January 2016. The will gave Mandana's residential property on Jasmine Avenue in Los Angeles (by far her most valuable asset) to Chamouille, her jewelry to Chamouille's daughter, and her car to Nasrin Mohebkhosravi, Mandana and Chamouille's mother. The will also gave three bank accounts and a pension plan to Chamouille, Nasrin, and Ali Kabiri, Chamouille and Mandana's father. The

2

will gave Brown some of Mandana's household items and appliances, to "be decided" by Chamouille, Nasrin, Ali, and Brown "among themselves." Pursuant to Chamouille's request, the probate court appointed her special administrator of the estate.

B.  *Brown Unsuccessfully Attempts To Contest the Will*

In April 2018 Brown, represented by the first of three attorneys who would represent him in the probate proceedings, filed a separate probate petition, alleging Mandana died intestate and asking the probate court to appoint him administrator of her estate. The probate court denied the petition without prejudice, and Brown did not refile it. In May 2018 Brown filed a petition contesting the holographic will, but he did not serve the petition on all interested parties. At Brown's request, the court appointed a forensic handwriting expert to examine the holographic will. The expert ultimately concluded there was a "strong probability that [Mandana] did author" the will.

At some point prior to August 2018, Brown's attorney stopped representing him. By October 2018 Brown was still representing himself and had not properly served his petition to contest the holographic will. The probate court denied Brown's petition without prejudice, admitted the holographic will, and appointed Chamouille administrator of the estate. The court, however, ruled Brown could file and serve a new petition to contest the will.

In December 2018 Brown, now represented by his second attorney, filed a new petition to contest the will and asked the court to appoint a new forensic handwriting expert to examine the holographic will. Again, however, Brown did not serve the

3

petition on all interested parties. In May 2019 the court authorized a new expert to examine the will. According to Brown's second attorney, the expert reviewed Mandana's signatures and handwriting samples and reached an opinion that was "not favorable to [Brown]."

Brown's second attorney also withdrew, and Brown retained a third attorney in June 2019. The probate court denied Brown's petition to contest the will, again without prejudice, because Brown still had not served all interested parties. Brown did not file another petition to contest the will.

C.    *The Court Approves Chamouille's Accounting and Enters a Final Distribution Order*

In November 2019 Chamouille filed a request to approve her accounting and to close the estate. According to Chamouille, the estate initially had total assets of $1,705,990, $1,635,000 of which was the value of the Jasmine Avenue property (which Mandana left to Chamouille). The value of the household furnishings (which Mandana left in part to Brown) was $1,000. At the time Chamouille filed her request to approve the final accounting, the value of the estate had decreased to $1,647,197. Chamouille also asked the court to approve over $100,000 in fees and costs for her attorneys and $9,400 in reimbursement for her.

Brown did not object to the accounting or appear at the January 2020 hearing on Chamouille's request to approve the accounting. On March 26, 2020 the probate court granted Chamouille's request and entered a final distribution order. In addition to approving the accounting, the court ordered Brown to vacate the Jasmine Avenue property.

4

Three weeks later Brown filed a notice of appeal that did not specify which order Brown was appealing from. The notice of appeal cited Code of Civil Procedure section 917.4, which states that, absent a bond, the perfecting of an appeal does "not stay enforcement of the judgment or order in the trial court if the judgment or order appealed from directs the sale, conveyance or delivery of possession of real property which is in the possession or control of the appellant or the party ordered to sell, convey or deliver possession of the property . . . ."

**DISCUSSION**

A.   *Appealability*

1.   *Brown May Appeal from the Final Distribution Order*

Chamouille contends this court does not have jurisdiction to hear Brown's appeal because the notice of appeal was defective. While the notice of appeal may not have been as specific as it might have been had an attorney prepared it, it was good enough.

A notice of appeal must "identif[y] the particular judgment or order being appealed" (Cal. Rules of Court, rule 8.100(a)(2)), and Brown's did not. But ""notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced."" (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 882; see *Verceles v. Los Angeles Unified School Dist.* (2021) 63 Cal.App.5th 776, 783.) "Once a notice of appeal is

5

timely filed, the liberal construction requirement compels a reviewing court to evaluate whether the notice, despite any technical defect, nonetheless served its basic function—to provide notice of who is seeking review of what order or judgment—so as to properly invoke appellate jurisdiction." (*K.J.*, at p. 883.)

Although Brown did not cite the specific order he was appealing from, he did cite Code of Civil Procedure section 917.4, which, as stated, governs stays in appeals from orders directing the conveyance and delivery of possession of real property. The March 26, 2020 order, which the probate court entered three weeks before Brown filed the notice of appeal, authorized Chamouille to take possession of the Jasmine Avenue property, directed that the property was "to be titled in the name of" Chamouille, and stated Brown had "no legal right to live at" the property and had to "vacate" the property. Liberally construed, the notice of appeal referred to, and provided sufficient notice Brown was appealing from, the March 26, 2020 order.

Moreover, in designating the record on appeal, Brown stated he was appealing from an order dated March 28, 2020. (See *C.W. Howe Partners Inc. v. Mooradian* (2019) 43 Cal.App.5th 688, 697, fn. 7 ["Although [the appellants] failed to specify the date of the order being appealed, there is no question they sought review of . . . the only appealable order included in their designation of the record on appeal."]; *D'Avola v. Anderson* (1996) 47 Cal.App.4th 358, 362 ["[i]n determining whether a respondent has been misled by errors on the face of the notice of appeal, a reviewing court may consider the contents of the designation of record"].) There was no March 28, 2020 order. But under the circumstances, it was reasonably clear Brown was referring to

6

the March 26, 2020 order, and Chamouille was not prejudiced by any defect in the notice of appeal.

2.    *Brown May Not Appeal from the Other Orders Discussed in His Brief*

In his brief, Brown discusses several other orders: the orders denying his petitions to contest the will; an order, entered after the final distribution order, denying Brown's motion for an order "granting him rights to his music" and ruling "Brown's music was not part of the estate"; and an order, also entered after the final distribution order, sanctioning Brown $31,000.  None of these orders is appealable.

An order denying a petition to contest a will is not appealable; instead, an aggrieved party may challenge the order in an appeal "from an order admitting the will to probate." (*Estate of Patterson* (1934) 220 Cal. 370, 371; see *Estate of Weber* (1991) 229 Cal.App.3d 22, 24 ["[a] dismissal of a contest filed before a will is admitted to probate is not . . . appealable"]; *Estate of Herrington (*1947) 79 Cal.App.2d 389, 390 [order granting motion for nonsuit on a will contest is not appealable but is "reviewable on appeal from an order admitting the will to probate"]; see also Prob. Code, § 1303, subd. (b) [order admitting or refusing to admit a will to probate is appealable].)[1]  In October 2018 the probate court denied Brown's first petition to contest the will, and in December 2018 the court admitted the will to probate.  Brown could have challenged the order denying his petition to contest the will in an appeal from the December 2018 order, but Brown did not appeal from that order.  (See *Estate of*

---

[1]    Undesignated statutory references are to the Probate Code.

7

*Gilkison* (1998) 65 Cal.App.4th 1443, 1450, fn. 5 [the "orders listed as appealable in the Probate Code must be challenged timely or they become final and binding," and they "may not be collaterally attacked in a subsequent appeal from the final order of distribution"]; see also *Estate of Reed* (2017) 16 Cal.App.5th 1122, 1127 ["'Once a final, appealable order or judgment has been entered, the time to appeal begins to run.'"].)[2]

Brown's attempt to appeal from the other two orders he mentions in his opening brief—the order determining Brown's music was not part of the estate and the order imposing monetary sanctions—fares no better. Neither order is before this court. According to Brown, the probate court entered both orders in or around October 2020—six months after he filed his notice of appeal (and three months after he filed his notice designating the record on appeal). Brown cites no authority that would allow us to construe his notice of appeal to refer to these orders, which the probate court entered after Brown filed his notice of appeal, or that these orders are appealable (See *Estate of Allen* (1917) 175 Cal. 356, 357 [it is a "well-settled rule that the appellate jurisdiction in probate matters extends only to such orders and judgments as are specified" by statute]; *Estate of Dito* (2011) 198 Cal.App.4th 791, 799, fn. 5 ["In probate matters, there is no right of appeal unless the Probate Code specifically authorizes an appeal from the challenged order."].)

---

[2]     Several months after the court admitted the will to probate, Brown filed his second petition to contest the will. The court denied the petition in July 2019. Even assuming Brown could have appealed from the court's July 2019 order, Brown did not timely appeal from that order.

B.    *Brown Has Not Shown the Probate Court Erred in Entering the Distribution Order*

1.    *The Probate Court Did Not Violate Brown's Due Process Rights*

Brown argues the probate court violated his due process rights by refusing to permit his (third) attorney to "enter his appearance for Brown at the March 26, [2020] accounting hearing."  Generally, "'[w]e review procedural due process claims de novo because "the ultimate determination of procedural fairness amounts to a question of law."'"  (*Severson & Werson, P.C. v. Sepehry-Fard* (2019) 37 Cal.App.5th 938, 944; see *Brown v. City of Los Angeles* (2002) 102 Cal.App.4th 155, 168 ["'"Because [the appellant's] contention regarding procedural matters presents a pure question of law involving the application of the due process clause, we review the trial court's decision de novo."'"].)  Had the probate court actually refused to allow Brown's attorney to appear at the hearing, the court may have violated Brown's due process rights.  (See *Roa v. Lodi Medical Group, Inc.* (1985) 37 Cal.3d 920, 925 ["Although the right to be represented by retained counsel in civil actions is not expressly enumerated in the federal or state Constitution, our cases have long recognized that the constitutional due process guarantee does embrace such a right."]; *Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1398 ["A civil litigant has a constitutional right to be represented by counsel at trial."]; *Vann v. Shilleh* (1975) 54 Cal.App.3d 192, 200 ["There is a constitutional basis for the right to counsel in noncriminal proceedings and, in its narrowest definition, it is the right to appear by counsel in any adversary proceedings in which the

9

adversary party has the benefit of the right to counsel."].)  The problem for Brown is that there is no evidence this occurred. Brown cites nothing in the record showing that the court refused to allow him or his attorney to appear at the hearing on Chamouille's request for an order approving her accounting.  (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 ["the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment"]; *Menges v. Department of Transportation* (2020) 59 Cal.App.5th 13, 27 ["'"To demonstrate error, appellant must present . . . citations to facts in the record that support the claim of error."'"].)

Nor does the record support Brown's contention.  The transcript reflects that neither Brown nor his attorney appeared at the hearing, but nothing suggests the court refused to allow them to appear.  Brown's contention is also belied by the probate court's other actions.  After Brown's first attorney ceased representing him, the probate court continued the proceedings for over two and a half months to allow Brown to find a new attorney.  And the probate court allowed two additional attorneys to represent Brown, and allowed Brown to refile his petition to contest the will.

Brown's argument the probate court did not allow him or his attorney to file objections to Chamouille's accounting fails for the same reasons.  Chamouille served Brown, through his attorney, with her accounting and a proposed final distribution order.  Brown does not cite anything in the record showing, nor does the record suggest, the probate court did not allow Brown to file objections.

10

### 2. *Brown Has Not Shown the Probate Court Erred in Approving the Accounting*

Brown also takes issue with certain portions of the distribution order. In particular, Brown argues the probate court "failed to assess" whether he had a community property interest in the Jasmine Avenue residence, the Wells Fargo bank account, and Mandana's pension plan. (See *Estate of Fincher* (1981) 119 Cal.App.3d 343, 349 [surviving spouse may assert a claim to community property in a proceeding to determine distribution rights]; *Estate of Hartnett* (1957) 155 Cal.App.2d 280, 283 [same].) An order directing distribution of property from a decedent's estate is appealable. (§ 1303, subd. (g).)

There are several problems with Brown's argument. First, Brown did not make the argument in the probate court, thus forfeiting it. Chamouille's accounting stated that all of the assets described in her accounting, including the Jasmine Avenue property, were Mandana's separate property. As discussed, Brown did not object. (See *Estate of Herzog* (2019) 33 Cal.App.5th 894, 907 [failure to raise an argument in the probate court forfeits the issue on appeal]; *Estates of Collins & Flowers* (2012) 205 Cal.App.4th 1238, 1256 [""""if [a] new theory contemplates a factual situation the consequences of which are open to controversy and were not put in issue or presented at trial, the opposing party should not be required to defend against it on appeal""""].)

Second, even if Brown had not forfeited the argument, he has not shown the probate court erred. Brown presented no evidence he had a community property interest in the Jasmine Avenue property, the Wells Fargo account, or Mandana's

pension.[3]  He did not show, for example, he or Mandana contributed community funds to these assets, much less how much in community funds either one of them contributed.  Brown cannot maintain on appeal that the probate court should have considered an argument he never raised before the court entered the distribution order.  Brown must show the probate court erred, for example, by including in the distribution order property that was not part of the estate.  (See *Estates of Collins & Flowers*, *supra*, 205 Cal.App.4th at p. 1246 ["We presume the trial court's factual findings are supported by the evidence, and it is the appellant's burden to show that they are not."].)  He has not.

---

[3]  The distribution order does not appear to include the Wells Fargo bank account or Mandana's pension.  While the order states that Chamouille is authorized to disburse funds from the Wells Fargo account and the pension, the portion of the court's order listing the estate's assets does not include either.  And Chamouille's accounting did not list funds from the Wells Fargo account or the pension as an asset of the estate.  In fact, counsel for Chamouille represented to the court during one of the hearings:  "Just to be clear, Your Honor, pension funds are not subject to the probate . . . .  They are outside of the probate estate."

12

## DISPOSITION

The order is affirmed.  Brown's motion to augment the record is denied.  Chamouille is to recover her costs on appeal.

SEGAL, Acting P. J.

We concur:

FEUER, J.

IBARRA, J. [*]

---

[*]     Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.