[No. B149179. Second Dist., Div. Three. May 16, 2002.]

JOHN LARAWAY, Plaintiff and Appellant, v.
PASADENA UNIFIED SCHOOL DISTRICT et al., Defendants and
Appellants.

**COUNSEL**

Michael L. Allen and Kevin T. Snider for Plaintiff and Appellant.

Gibbs, Giden, Locher & Turner, Sharon Suarez and Barbara L. Hamilton for Defendants and Appellants.

**OPINION**

**CROSKEY, J.**—John Laraway (petitioner) sought certain public records from the Pasadena Unified School District (District). He petitioned for a writ of mandamus and prohibition, and for injunctive and declaratory relief,

against District, Vera Vignes, District's superintendent, and William Deeb, District's acting assistant superintendent of school (collectively respondent).

The trial court, for the most part, denied petitioner's petition (it granted one aspect of his request for declaratory relief), and entered an *order* to that effect, from which the parties never appealed. That order resolved all issues between the parties, did not direct or contemplate the preparation of any further order or judgment, and was thus an appealable, final order.

After the time within which to appeal this final, appealable order had passed, the parties caused the trial court to enter a *judgment* to the same effect as the order, and then both petitioner and respondent purported to appeal or cross-appeal from that *judgment*. Because the parties did not file a timely notice of appeal from the appealable *order*, we must dismiss the appeal and cross-appeal from the subsequent judgment.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

Petitioner sued respondent. On August 23, 2000, the trial court entered an "*order* regarding petitioner's motion for writ of mandamus, prohibition, injunctive and declaratory relief" (italics added) (the order denying the petition). In this order, the court ruled as follows:

(1) it denied petitioner's request for a writ of mandamus;

(2) it denied his request for a writ of prohibition;

(3) it denied his request for injunctive relief;

(4) it denied in part and granted in part his request for declaratory relief;[2] and

(5) it ordered respondent to give petitioner a complete copy of a particular public record.

---

[1] We recite only those facts, taken from the parties' respective appendices, which relate to the jurisdictional issue of whether there was a timely notice of appeal.

[2] In response to petitioner's request for a declaration as to whether respondent had a duty to classify public records before disposing of them, the court declared that respondent did have such a duty; in response to his request for a declaration as to whether respondent had fully complied with the Public Records Act, it declared that respondent had "substantially complied" with the act, and denied petitioner's request for a declaration that respondent had not complied with the Public Records Act.

█▄██ This order, which completely resolved all issues between all parties,[3] did not contemplate nor direct the preparation of any further order or judgment. There is no indication in the record that the signed version of this order denying the petition was ever served on the parties until January 12, 2001.

On January 29, 2001, a "*judgment* on petition for writ of mandamus, prohibition, injunctive and declaratory relief" (italics added) (the judgment on the petition) was filed. This judgment on the petition simply reiterated that the court had "ruled by Order dated August 23, 2000" on the petition, set forth the same rulings as contained in the order denying the petition, added a provision that judgment was entered in favor of respondent and against petitioner, and awarded respondent $0 in costs against petitioner.

There is no indication in the record that the signed version of this judgment on the petition was ever served on the parties. Sometime in late March or early April, 2001, petitioner filed his notice of appeal from the judgment signed January 29, 2001,[4] and on April 19, 2001, respondent filed its notice of cross-appeal from that same judgment.

## ISSUE

We sua sponte raise the jurisdictional and dispositive issue of whether the prerequisite to appellate jurisdiction, a timely notice of appeal, was ever filed in this case. Neither party has addressed this issue in their briefs.[5]

## DISCUSSION

█ Compliance with the time for filing a notice of appeal is mandatory and jurisdictional. (*Imuta* v. *Nakano* (1991) 233 Cal.App.3d 1570, 1579, fn. 11 [285 Cal.Rptr. 681] and cases cited there.) If a notice of appeal is not timely, the appellate court must dismiss the appeal. (Cal. Rules of Court, rule 2(e).) The latest possible time within which a notice of appeal must be filed is 180 days after entry of judgment or entry of an appealable order. (Cal. Rules of Court, rule 2(a)(3), (c)(3), & (f).)

---

[3]The August 23, 2000 order did not award attorney fees or costs. That had no effect on the fact that, in and of itself, it was a final appealable order. Matters such as an award of fees and costs to a prevailing party are commonly taken care of by way of separately appealable postjudgment orders. (See Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2001) ¶¶ 2:149 to 2:150.5, pp. 2-66 to 2-67; ¶¶ 2:154, 2:156, p. 2-70.)

[4]The record on appeal does not include a file-stamped copy of the notice of appeal, but such notice was dated March 28, 2001.

[5]By letter, we advised the parties prior to oral argument that they should be prepared to address this jurisdictional issue at oral argument and an opportunity for postargument supplemental briefing was also extended to the parties.

■ Because no notice of entry of the August 23, 2000 order appears in the record, the last possible date on which the parties could have filed a timely notice of appeal was 180 days after August 23, 2000, or February 19, 2001. Neither petitioner nor respondent *ever* filed a notice of appeal from the order entered August 23, 2000. Furthermore, it was not until *after* February 19, 2001, in other words, until sometime in late March 2001 (see fn. 4, *ante*), that petitioner filed his notice of appeal from the judgment entered on January 29, 2001, and not until April 19, 2001, that respondent filed its notice of cross-appeal from that same judgment.

The August 23, 2000 order was an appealable order: it contemplated no further action, such as the preparation of another order or judgment (see, e.g., *Davis v. Taliaferro* (1963) 218 Cal.App.2d 120, 122-123 [32 Cal.Rptr. 208]), and disposed of all issues between all parties. (Cf. *Masonite Corp. v. County of Mendocino Air Quality Management Dist.* (1996) 42 Cal.App.4th 436, 453 [49 Cal.Rptr.2d 639]; *Wiener v. Superior Court* (1976) 58 Cal.App.3d 525, 528 [130 Cal.Rptr. 61].) As an order denying a petition, it was properly treated as a final judgment. (See, e.g., *Townsel v. San Diego Metropolitan Transit Development Bd.* (1998) 65 Cal.App.4th 940, 944, fn. 1 [77 Cal.Rptr.2d 231]; *Haight v. City of San Diego* (1991) 228 Cal.App.3d 413, 416, fn. 3 [278 Cal.Rptr. 334] [same].) In contrast, the subsequent judgment entered on January 29, 2001 was simply a repetition of the August 23, 2000 order. The only manner in which the subsequent judgment added anything to the August 23, 2000 order was that it awarded $0 in costs to respondent against petitioner—and neither side is appealing from that particular decision.[6]

Once a final, appealable order or judgment has been entered, the time to appeal begins to run. The Rules of Court do not provide, once a judgment or appealable order has been entered, that the time to appeal can be restarted or extended by the filing of a subsequent judgment or appealable order making the same decision. Thus, once the August 23, 2000 order was entered, the time within which to file a notice of appeal therefrom began to run, and could not be restarted by the relabeling of the trial court's earlier decision and then entering such "judgment" at a later date.

Because the parties failed to file timely notice of appeal from the August 23, 2000 order, the petitioner's appeal and respondent's cross-appeal, filed more than 180 days after entry of the August 23, 2000 order, were untimely, and both such appeals must be dismissed.

---

[6]As a result, we necessarily regard such "judgment" as nothing more than a postjudgment order determining respondent's right to recover costs.

## DISPOSITION

The appeal and cross-appeal are dismissed. Each party to bear its own costs on appeal.

Klein, P. J., and Aldrich, J., concurred.

On May 23, 2002, the opinion was modified to read as printed above. The petition of appellant John Laraway for review by the Supreme Court was denied September 11, 2002.