Filed 6/30/14  Zeppenfeld v. Reilley CA1/4
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| DON ZEPPENFELD et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> MARTIN REILLEY, <br><br> Defendant and Appellant. | A138668 <br><br> (Sonoma County <br> Super. Ct. No. SCV 226091) |

Martin Reilley purports to appeal from a "final judgment after remand" entered on March 19, 2013, though the appeal seeks to review an order denying attorney fees entered more than a year earlier on February 6, 2012.  Don and Kathy Zeppenfeld (respondents) have moved for sanctions and attorney fees, contending that the appeal is frivolous.  We dismiss the appeal and remand the matter to the trial court for a determination of the amount of attorney fees to be awarded on appeal.

## I.  PROCEDURAL BACKGROUND

We have previously set forth the underlying facts in this action in *Zeppenfeld v. Reilley* (Dec. 21, 2007, A110461 [nonpub. opn.].  In summary, we affirmed the jury verdict in favor of respondents on their fraud cause of action against Reilley which arose in connection with the construction of a new home in Santa Rosa.  In addition, we reversed the trial court's order granting Reilley's motion for summary adjudication of respondents' causes of action for breach of contract and breach of express warranty, concluding that there were triable issues of fact on whether the contract between the parties encompassed an agreement to repair leaks on the property, whether repairs were

1

warranted and whether the warranties were disclaimed by the contract. We therefore remanded the matter for further proceedings.

This court issued the remittitur in the action on April 25, 2008. Respondents proceeded to make attempts to execute on the judgment. They abandoned their contractual causes of action.

On August 1, 2008, the trial court notified the parties that all trial exhibits would be destroyed pursuant to Code of Civil Procedure section 1952 unless either party requested preservation of the exhibits or made arrangements to withdraw them. Counsel for respondents assumed that the court would thereafter close its file.

Instead, on May 12, 2011, Reilley moved for mandatory dismissal of the action pursuant to Code of Civil Procedure section 583.320, subdivision (a)(3), for failure to bring the matter to trial within three years of the filing of the remittitur. Respondents opposed the motion and filed a request for voluntary dismissal with prejudice of the contract and warranty causes of action. On July 14, 2011, the trial court granted Reilley's motion, and ordered the breach of contract and breach of express warranty causes of action dismissed with prejudice pursuant to section 583.320, subdivision (a)(3).

On September 15, 2011, Reilly moved for attorney fees contending that he was entitled to an award of attorney fees because he was successful in the defense of the contract causes of action in respondents' complaint. The trial court denied the motion. It found that it was bound by Judge Champlin's August 16, 2005 ruling that respondents were the prevailing party under a broad contractual clause for attorney fees.[1] The court noted that "Judge Champlin *impliedly* found the work on the various causes of action to be too intertwined for segregation." On February 10, 2012, the court entered notice of entry of the order denying Reilley's motion for attorney fees.

On March 19, 2013, the court, upon Reilley's request, entered a "Final Judgment After Remand" setting forth the judgment, attorney fees, and costs order entered in favor of respondents in 2005, the 2011 order dismissing the contract causes of action that were

---

[1] The trial court awarded respondents their attorney fees through May 19, 2005, in the amount of $519,063.78.

2

the subject of Reilleys' mandatory dismissal motion, and the 2012 order denying his motion for attorney fees. Reilley filed a notice of appeal on May 10, 2013.

## II. DISCUSSION

Respondents contend that the appeal must be dismissed because it is untimely. We agree.

An order denying an award of attorney fees is appealable as an order entered after judgment under Code of Civil Procedure section 904.1, subdivision (a)(2). (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 654–655; *Whiteside v. Tenet Healthcare Corp.* (2002) 101 Cal.App.4th 693, 706.) The order denying Reilley attorney fees here contemplated no further action, and disposed of all of the issues between the parties. (See *Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th 579, 582 (*Laraway*).) The subsequent March 13 judgment, entered over a year later, summarized the proceedings in the case, reiterated the judgment entered in favor of respondents on August 16, 2005, and noted the 2011 dismissal of respondents' breach of contract and express warranty causes of action and the denial of Reilley's motion for attorney fees in 2012. The 2011 dismissal constituted a judgment under section 581d. The subsequent March 2013 judgment added nothing to the judgment and orders already entered in the case. "Once a final, appealable order or judgment has been entered, the time to appeal begins to run. The Rules of Court do not provide, once a judgment or appealable order has been entered, that the time to appeal can be restarted or extended by the filing of a subsequent judgment or appealable order making the same decision." (*Id.* at p. 583.)

Here, the trial court entered the order denying Reilley's motion for attorney fees on February 6, 2012. Respondents served notice of entry of the order denying Reilley's motion for an award of attorney fees on February 10, 2012. Reilley was therefore required to serve the notice of appeal within 60 days of the notice of entry of the order. (Cal. Rules of Court, Rule 8.104(a)(1)(B).)

"Compliance with the time for filing a notice of appeal is mandatory and jurisdictional. [Citation.] If a notice of appeal is not timely, the appellate court must dismiss the appeal." (*Laraway*, *supra*, 98 Cal.App.4th at p. 582.) Because Reilley failed

3

to timely appeal the court's order denying his motion for attorney fees within 60 days after the February 10, 2012 notice of entry of the order, his appeal, filed on May 10, 2013, was untimely and must be dismissed.

Respondents move for sanctions and request attorney fees contending that Reilley's appeal is frivolous and "obvious litigation gamesmanship." We agree that the appeal is frivolous; it has no arguable merit and appears to have been brought for an improper motive. We need not decide, however, whether sanctions are appropriate. Respondents are entitled to fees as the prevailing parties pursuant to the contract provision in the real estate purchase contract between the parties. (*Amtower v. Photon Dynamics, Inc.* (2008) 158 Cal.App.4th 1582, 1610 [where party is entitled by contract to recover fees as the prevailing party, right includes fees incurred on appeal].) While we have the power to decide the amount of fees to be awarded on appeal, the better practice is to remand the matter to the trial court to determine the appropriate amount of fees. (*Ibid.*)

## III. DISPOSITION

The appeal is dismissed. Respondents are to recover their costs and attorney fees on appeal. The matter is remanded to the trial court for a determination of the amount of attorney fees to be awarded on appeal.

_____
Rivera, J.

We concur:

_____
Reardon, Acting P.J.

_____
Humes, J.

4