Filed 8/21/14  Fuerst v. Kirby CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| ANN FUERST, | D064385 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2012-00151855-PR-TR-CTL) |
| JOHN D. KIRBY et al., | |
| Defendants and Respondents. | |


APPEAL from a judgment of the Superior Court of San Diego County, Julia Craig Kelety, Judge.  Affirmed.


Law Offices of Greg S. Larson and Greg S. Larson for Plaintiff and Appellant.

Pettit Kohn Ingrassia & Lutz, Douglas A. Pettit and Arie L. Spangler for Defendant and Respondent John D. Kirby.

Goodwin Brown Gross & Lovelace and Craig Gross for Defendants and Respondents Carolyn Malleck and Steven Fuerst.

We have no jurisdiction to reach the merits of the issues plaintiff and appellant

Ann Fuerst raises on appeal. Accordingly, we affirm the probate court's judgment dismissing her claims against defendant and respondent John D. Kirby.

FACTUAL AND PROCEDURAL HISTORY

Fuerst's husband, Charles, died on August 12, 2011. Shortly before his death, Charles executed an amendment to his trust that removed Fuerst as successor trustee. At the time of the amendment, Kirby was Charles's neighbor, friend and attorney.

On August 1, 2012, Fuerst, acting in propria persona, filed a probate petition, which, among other allegations, contested the validity of both Charles's will and the trust instruments and made claims against Kirby with respect to Kirby's alleged participation in Charles's amendment of the trust. Kirby filed a demurrer to the petition on the grounds he had no interest that would be affected by the contest, the probate court lacked jurisdiction to entertain claims against him, and the petition was vague and uncertain.

On October 9, 2012, by way of a minute order, the probate court, on its own motion, struck Fuerst's petition on the grounds it was not verified. The probate court also found that the petition was defective in that it improperly made claims cognizable in both pending estate proceedings and within the court's distinct jurisdiction over trust matters. Fuerst was directed to file all future estate related matters in the pending estate proceeding and all future trust related claims in the case she initiated by way of her petition. The trial court also sustained Kirby's demurrer with leave to amend. On October 10, 2012, Kirby served Fuerst with notice of the probate court's ruling.

Fuerst did not amend the petition within the 10 days permitted by rule 3.1320(g)

2

of the California Rules of Court. On December 18, 2012, on Kirby's ex parte motion, the probate court entered an order of dismissal and for judgment in Kirby's favor. The order stated: "Defendant's Ex Parte Application to Dismiss Complaint and Request for Entry of Judgment is hereby GRANTED and the entire action is *hereby* dismissed with prejudice." (Italics added.)

On January 2, 2013, Kirby served Fuerst with notice of entry of the December 18, 2012 dismissal. On January 17, 2013, Kirby filed and served a memorandum of costs that requested $745.74. Fuerst filed an objection to the cost memorandum and, on February 8, 2013, the trial court filed a judgment in favor of Kirby that included the costs he requested.

Fuerst filed a notice of appeal from the February 8, 2013 judgment on August 2, 2013 and an amended notice of appeal on August 6, 2013.

Kirby moved to dismiss Fuerst's appeal, and we denied Kirby's motion. We stated: "Respondents' motion to dismiss is DENIED. Respondents have not established (and in fact do not contend) that the February [8], 2013, judgment is not appealable or that appellant's notice of appeal therefrom is untimely. Respondents' contention that appellant cannot challenge the superior court's October 9, 2012, and December 18, 2012, orders as part of this appeal may be addressed in the parties' appellate briefs."

I

In her opening brief, Fuerst contends the trial court erred in sua sponte striking her petition, in sustaining Kirby's demurrer with leave to amend and in dismissing her

3

petition. As Kirby contends, we have no power to review those rulings.

The probate court's October 9, 2012 rulings striking Fuerst's petition and sustaining Kirby's demurrer with leave to amend clearly contemplated further action by Fuerst and, hence, were not directly appealable. (See *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 19.) However, because they were preliminary to or affected the final judgment eventually entered by the probate court, they would have been reviewable on appeal from the final judgment. (Code Civ. Proc., § 906; see *Erikson v. Weiner* (1996) 48 Cal.App.4th 1663, 1671.)

The December 18, 2012 dismissal and order for entry of judgment was a final appealable judgment in that it finally resolved all claims Fuerst made against Kirby and did not contemplate any further action. (*Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th 579, 583 (*Laraway*).) Although Fuerst contends that the order here is distinguishable from the one considered in *Laraway*, we find no material distinction. As we have noted, the order by its terms provided, "the entire action is hereby dismissed." There could be no clearer statement that the order was intended as a final resolution of the parties' dispute.

Because none of the circumstances that extend the time to appeal under rule 8.108 of the California Rules of Court existed, in order to challenge that final judgment by way of an appeal, Fuerst was required to file a notice of appeal within the time allowed by California Rules of Court, rule 8.104. Having been served by Kirby with a notice of entry of the dismissal on January 2, 2013, Fuerst had 60 days from January 2, 2013 in

4

which to file a notice of appeal. (Cal. Rules of Court, rule 8.104(a)(1)(B).) She did not file a notice of appeal within the 60 days permitted by the rule and, accordingly, we have no power to review the December 18, 2012 dismissal. (*Laraway*, *supra*, 98 Cal.App.4th at p. 583.)

The probate court's later February 8, 2013 judgment, which merely added Fuerst's costs to the judgment, did not extend the time in which to appeal from the December 18, 2012 dismissal. "Once a final, appealable order or judgment has been entered, the time to appeal begins to run. The Rules of Court do not provide, once a judgment or appealable order has been entered, that the time to appeal can be restarted or extended by the filing of a subsequent judgment or appealable order making the same decision." (*Laraway*, *supra*, 98 Cal.App.4th at p. 583.) In *Laraway*, the trial court entered a lengthy August 2000 order denying in part and granting in part the relief sought by the petitioner. The order resolved all issues between the parties. In January 2001, the trial court entered a judgment on the order that awarded neither party any costs. The Court of Appeal held that the parties' purported appeal and cross-appeal from the January 2001 judgment were untimely. "[O]nce the August [] 2000 order was entered, the time within which to file a notice of appeal therefrom began to run, and could not be restarted by the relabeling of the trial court's earlier decision and then entering such 'judgment' at a later date." (*Ibid*.) The court interpreted the later judgment as a postjudgment order solely determining the parties' right to costs. (*Ibid*.) Contrary to Fuerst's argument, the circumstances in this record are indistinguishable from those considered in *Laraway*: as we have discussed, the

5

probate court's December 18 dismissal was a final judgment that resolved all the issues between Fuerst and Kirby; the later entry of a judgment including costs did not restart the time for appeal and was nothing more than a postjudgment order determining Fuerst's right to costs.[1]

In sum then, we have no power to consider either the probate court's October 2012 order or its December 2012 dismissal: the probate court's October 2012 rulings were not appealable but only reviewable on appeal from the December 2012 dismissal, and Fuerst did not file a timely appeal from that dismissal.

## II

Kirby asks that we impose sanctions on Fuerst for filing a frivolous appeal. We decline to do so.

In *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 at pages 649–650, the court "set forth two alternative tests for determining a frivolous appeal. The first test is subjective: Was the appeal prosecuted solely for an improper motive, such as to harass the respondent or delay the effect of an adverse judgment? [Citation.] . . . [¶] The second strand of *Flaherty* is objective: Was the appeal so indisputably without merit that any reasonable attorney would agree it was totally devoid of merit?" (*Tomaselli v. Transamerica Ins. Co.* (1994) 25 Cal.App.4th 1766, 1773.) "The two standards are often used together, with one providing evidence of the other. Thus, the total lack of merit of an appeal is viewed as evidence that appellant must have intended it only for delay." (*In*

---

[1] Fuerst could have, but does not, challenge the probate court's award of costs. (See (*Laraway*, *supra*, 98 Cal.App.4th at p. 583.)

*re Marriage of Flaherty*, *supra*, at p. 649.)

Importantly, sanctions should be imposed sparingly "so as to avoid a serious chilling effect on the assertion of litigants' rights on appeal." (*In re Marriage of Flaherty*, *supra*, 31 Cal.3d at p. 650.) As we have explained, we have no power to reach the issues Fuerst raises on appeal. However, Fuerst's contentions with respect to our power to consider them are not so meritless as to warrant imposition of sanctions. Moreover, even were we to reach and reject Fuerst's contentions on the merits, her arguments on the merits are not so deficient as to support an award of sanctions. She asks us to find that the probate court erred when, without providing her any notice it was considering doing so, it struck her petition; she also contends that her petition was not subject to demurrer on the grounds asserted by Kirby and that the trial court abused its discretion in entering a dismissal, even though shortly before doing so, she had attempted to file an amended petition. While not the strongest of arguments, we could not sanction Fuerst or her counsel for asserting them without unduly discouraging vigorous advocacy.

We also note Kirby contends Fuerst demonstrated subjective bad faith by including in her appellant's appendix documents that support her contention Charles was not being properly cared for at the time the disputed trust amendment was made and records of her State Bar complaint against Kirby and his response to it. Although these documents have little, if any, relevance to the probate court's orders, they were part of the record Fuerst presented to the probate court in response to Kirby's demurrer. Her inclusion of them in her appendix does not demonstrate subjective bad faith on her part.

7

DISPOSITION

The judgment is affirmed.  Kirby to recover his costs of appeal.


BENKE, Acting P. J.

WE CONCUR:

McDONALD, J.

IRION, J.