Filed 5/13/21

CERTIFIED FOR PARTIAL PUBLICATION*

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

CITY OF CALEXICO,

     Plaintiff and Appellant,

     v.

ROBERT BERGESON,

     Defendant and Respondent;

RUDY ALARCON,

     Real Party in Interest and
Respondent.

D076963

(Super. Ct. No. ECU000297)

RUDY ALARCON,

     Plaintiff and Appellant,

     v.

CITY OF CALEXICO,

     Defendant and Respondent.

(Super. Ct. No. ECU000318)

---

\*     Pursuant to California Rules of Court, rule 8.1110, this opinion is
certified for publication with the exception of part III.A.

APPEALS from a judgment of the Superior Court of Imperial County, L. Brooks Anderholt, Judge. Alarcon appeal affirmed; City of Calexico appeal dismissed.

Liebert Cassidy Whitmore, Mark H. Meyerhoff, Stefanie K. Vaudreuil and Stephanie J. Lowe for Plaintiff and Appellant in No. ECU000297 and for Defendant and Respondent in No. ECU000318.

No appearance for Defendant and Respondent in No. ECU000297.

Adams, Ferrone & Ferrone, Robert L. Baumann and Jennifer Krikorian for Real Party in Interest and Respondent in No. ECU000297 and for Plaintiff and Appellant in No. ECU000318.

## I.

## INTRODUCTION

Rudy Alarcon filed a petition for writ of mandate seeking to invalidate hearing officer Robert Bergeson's[1] decision upholding the City of Calexico's (City)[2] termination of Alarcon's employment as a City police officer.[3] The

---

[1]   Bergeson is not a party to these appeals; his name appears in the caption solely for titling purposes.

[2]   Alarcon's employer is, at times, referred to in the record as the Calexico Police Department. For ease of reference, we refer to Alarcon's employer as the City.

[3]   "Government Code section 3304, subdivision (b), which is part of the Public Safety Officers Procedural Bill of Rights Act (PSOPBRA) (§ 3300 et seq.), provides that '[n]o punitive action . . . shall be undertaken by any public agency against any public safety officer . . . without providing the public safety officer with an opportunity for administrative appeal.' " (*Morgado v. City and County of San Francisco* (2017) 13 Cal.App.5th 1, 4.) It appears from the record that hearing officer Bergeson considered Alarcon's

City filed a petition for writ of mandate challenging Bergeson's decision to award Alarcon back pay based on his finding that the City failed to provide Alarcon with sufficient predisciplinary notice of allegations that Alarcon had been dishonest during the investigation that led to his termination.[4]

The trial court consolidated the petitions and, on September 24, 2019, issued a written ruling that denied both petitions. As to Alarcon's petition, the trial court determined that Alarcon had not met his burden to establish that the charges against him were barred by the applicable statute of limitations. The trial court also found that the weight of the evidence demonstrated that Alarcon had "used force" and "discourteous language" during the arrest that led to his termination. With respect to the City's petition, the trial court determined that "the hearing officer's lengthy finding that the dishonesty charges were not properly noticed does not rise to the level of an abuse of discretion."

On November 7, 2019, Alarcon filed a notice of appeal from the trial court's September 24 ruling. On November 21, 2019, the trial court entered a document titled "judgment" that incorporated the court's September 24, 2019 ruling. On January 21, 2020, the City filed a cross-appeal from the November 21 "judgment."

In his appeal, Alarcon claims that the City's termination of his employment "represents an abuse of discretion." We conclude that Alarcon

administrative appeal of the termination of his employment pursuant to this statutory scheme.

4    The City's petition for writ of mandate is not contained in the record. Our description is drawn from the trial court's ruling denying the City's petition.

3

has failed to establish any such abuse and we affirm the trial court's denial of his petition for writ of mandate.

With respect to the City's cross-appeal, we conclude that the appeal is untimely and must be dismissed. The September 24, 2019 ruling was a final judgment from which the City failed to timely appeal. (See *Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th 579, 582–583 (*Laraway*) [concluding that an order that "completely resolved all issues between all parties" on petitioner's motion for writ of mandamus and prohibition and complaint for injunctive and declaratory relief was a final judgment from which no timely appeal was taken and stating that the "[r]ules of [c]ourt do not provide, once a judgment or appealable order has been entered, . . . the time to appeal can be restarted or extended by the filing of a subsequent judgment or appealable order making the same decision"].)

Accordingly, we affirm the trial court's denial of Alarcon's petition for writ of mandate and we dismiss the City's cross-appeal.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *Alarcon's arrest of M.V.*

In the early morning hours of January 10, 2014, Alarcon assisted with the arrest of a woman, M.V. Hearing officer Bergeson found that, during the arrest, Alarcon "used excessive force" on M.V. Specifically, Bergeson found that "for no apparent legitimate reason, [Alarcon] pushed [a handcuffed] [M.V.] into [a police] car, causing injury to [M.V.'s] nose when it hit the back seat." Bergeson also found that Alarcon said "callate puta," (italics omitted) Spanish for "shut up, bitch," to M.V. during the incident.

4

B.  *The City's termination of Alarcon's employment as a police officer*

In March 2015, the City issued a notice of intended disciplinary action to Alarcon arising from his actions during M.V.'s arrest.  The notice recommended that Alarcon be terminated from his position as a City police officer.  The following month, the City terminated Alarcon's employment.  Alarcon requested an administrative appeal of the discipline.

C.  *The hearing officer's decision*

In December 2017, after numerous nonconsecutive days of evidentiary hearings, hearing officer Bergeson issued a final decision in Alarcon's appeal.  Bergeson found that, during M.V.'s arrest, Alarcon used excessive force on M.V. and directed discourteous language toward her.  Bergeson also found that Alarcon had been untruthful during the police department's investigation into the incident.  Bergeson upheld the City's termination of Alarcon's employment.

However, Bergeson also found that the City's notice of intended disciplinary action violated Alarcon's procedural due process rights by failing to clearly refer to Alarcon's alleged dishonesty about the incident as a basis for his termination.  Bergeson awarded Alarcon back pay as a remedy for the City's procedural violation.

D.  *The parties' petitions for writ of mandate*

In April 2018, Alarcon filed a petition for writ of mandate challenging his termination.  The City filed a petition for writ of mandate in a separate action challenging Bergeson's decision to award Alarcon back pay.[5]

---

5    As noted in part I, *ante*, the City's petition for writ of mandate is not contained in the record.

E.  *The trial court's ruling*

After consolidating the petitions, and holding a hearing, the trial court issued a ruling on September 24, 2019 denying both petitions for writ of mandate in their entirety.

F.  *The appeals*

As discussed in greater detail in part III.B, *post*, Alarcon timely filed an appeal from the September 24 ruling.  The City filed a cross-appeal in January 2020, which we conclude is untimely.

III.

DISCUSSION

A.  *Alarcon's appeal*

Alarcon claims that the City abused its discretion in terminating his employment as a City police officer.[6]

1.  *Governing law and standard of review*

a.  *The law governing a public employee's challenge to an agency's punishment for misconduct*

In *County of Siskiyou v. State Personnel Bd.* (2010) 188 Cal.App.4th 1606, 1615, the court outlined the law governing a public employee's challenge to the degree of punishment imposed by a public agency due to employee misconduct:

> " 'The public is entitled to protection from unprofessional employees whose conduct places people at risk of injury and the government at risk of incurring liability.'  [Citation.] Thus, 'in the context of public employee discipline,' the 'overriding consideration' is 'the extent to which the employee's conduct resulted in, or if repeated is likely to

_____

6     Alarcon contends that "[t]he disciplinary action at issue often is, as in this case, the termination of employment."  He argues that this court must "determine whether the punishment inflicted represents an abuse of discretion by the agency."

result in, "harm to the public service." [Citations.]  Other relevant factors include the circumstances surrounding the misconduct and the likelihood of its recurrence.  [Citation.]' [Citations.] [¶] . . . [¶] . . . ' " 'Neither an appellate court nor a trial court is free to substitute its discretion for that of the administrative agency concerning the degree of punishment imposed.' [Citations.]" [Citation.]' [Citation.] Thus, if reasonable minds may differ as to the propriety of the penalty, there is no abuse of discretion."  (*Ibid.*)

b.  *An appellant's burden to demonstrate error*

"As with any civil appeal, we must presume the [order] is correct, indulge every intendment and presumption in favor of its correctness, and start with the presumption that the record contains evidence sufficient to support the [order]."  (*Steele v. Youthful Offender Parole Bd.* (2008) 162 Cal.App.4th 1241, 1251.)  "An appellant has the burden to overcome the presumption of correctness and show prejudicial error."  (*Silva v. See's Candy Shops, Inc.* (2016) 7 Cal.App.5th 235, 260 (*Silva*).)

2.  *Application*

Alarcon fails entirely to carry his burden to demonstrate an abuse of discretion.  We consider each of the contentions that he raises in his brief on appeal below.

First, Alarcon asserts, "There are several examples of the abuse of discretion that was committed by [the City] in this case.  Many of these examples can be found during the testimony of the witnesses in the lower court,[7] representing their reasons for their conduct as justification for the outcome, rather than providing valid impartiality that should be present in any such investigation."  However, apart from citations to *three* pages of an

---

7    The testimony to which Alarcon refers occurred during the *administrative hearings* in this case; no witnesses testified in the *trial court*.

7

administrative record spanning 23 volumes and thousands of pages,[8] Alarcon provides no support for this assertion. This court is not " ' "obligate[d] . . . to cull the record for the benefit of the appellant." ' " (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 455.)

Moreover, neither of the purported examples of an abuse of discretion to which Alarcon refers in his brief demonstrates any such abuse. First, Alarcon notes, "Lieutenant Serrano testified that officers should report a use of force to a sergeant every time they arrest someone." Alarcon argues that it "is a great stretch of the imagination to make such a general statement in order to fit the purpose of [City's] intent, that one would ever indicate that every arrest constitutes a use of force." However, Alarcon fails to present any argument that he was terminated for failing to *report* his use of force, and the cited testimony clearly does not establish that the City abused its discretion in terminating Alarcon's employment.[9] Further, in its ruling denying Alarcon's petition, the trial court rejected Alarcon's arguments "that the evidence did not show that he had used force against [M.V.], [and] that he had not used discourteous language." Alarcon fails to address *any* of the

---

8    In his decision and award, Bergeson described the *administrative* record as follows:

> "[T]he present record is far from run of the mill when it comes to the arbitration of public employee terminations. The five volumes of the [City's] evidence binders contain 143 exhibits consisting of 3,228 pages. Four additional [City] exhibits and four 'Appellant' exhibits bring the exhibits total to about 3,300 pages. The present record also contains more than 1,800 pages of transcript."

9    In fact, the hearing officer noted that it was Alarcon's "use[ ] [of] excessive force," rather than merely Alarcon's failure to *report* his use of force, that resulted in his termination.

evidence on which the trial court based its rejection of the arguments that Alarcon raised in that court; thus, he manifestly fails to establish an abuse of discretion. (See *Silva, supra*, 7 Cal.App.5th at p. 260 [appellant has burden to demonstrate error].)

Alarcon also asserts that the fact that the chief of police "allowed the investigation to be pursued well past the statutory one year allotted timeline, makes for an apparent abuse of discretion by [the City]." Alarcon fails to cite the applicable statute of limitations or present any argument as to why the trial court erred in concluding that "the statutory time limit [on the investigation] was tolled due to [an] ongoing federal/criminal investigation which is an exception to the time limit provided in [the governing statute]." Thus, we conclude that Alarcon has failed to demonstrate any error premised on the timeliness of the investigation into his misconduct. (See *Silva, supra*, 7 Cal.App.5th at p. 260.)

Accordingly, we conclude that Alarcon has not demonstrated that the City abused its discretion in terminating his employment as a City police officer due to his misconduct.[10]

B. *The City's cross-appeal must be dismissed as untimely*

We must consider, sua sponte, whether we have appellate jurisdiction over the City's cross-appeal. (E.g., *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 849 ["because the timeliness of an appeal poses a

---

[10] At oral argument, Alarcon asserted for the first time on appeal a claim that M.V.'s statements should not have been admitted at the administrative hearing because the statements constituted inadmissible hearsay. We decline to consider this claim because it is well established that it is improper to raise arguments for the first time on appeal at oral argument. (See, e.g., *Palp, Inc. v. Williamsburg National Ins. Co.* (2011) 200 Cal.App.4th 282, 291 [" 'We do not consider arguments that are raised for the first time at oral argument' "].)

9

jurisdictional issue, we must raise the point sua sponte"].) For the reasons discussed, *post*, we conclude that the City's cross-appeal is untimely and must be dismissed.

1. *Factual and procedural background*

   a. *The trial court's September 24, 2019 ruling and the trial court clerk's service of that ruling on the parties*

On September 24, 2019, the trial court entered a "Ruling and Order on Writ of Mandate." The signed five-page ruling completely resolved all of the issues between the parties, providing in relevant part:

> "In light of the foregoing, the Petition for Writ of Mandate filed by the City is denied. [The City] has not met its burden to show that the decision of the administrative hearing officer was not supported by substantial evidence in light of the record such that it constitutes an abuse of discretion.
>
> "In light of the foregoing, the Petition for Writ of Mandate filed by Rudy Alarcon is denied; [Alarcon] has not met his burden to show that the findings are not supported by the weight of the evidence."

That same day, September 24, the trial court clerk mailed a "Declaration of Mailing," together with a filed-endorsed copy of the September 24 "Ruling and Order on Writ of Mandate"[11] to the parties' counsel. The Declaration of Mailing states:

> "I, the undersigned, certify under penalty of perjury, that I am a Deputy Clerk of the above entitled Court and not a party to the within action; that I mailed a true and correct copy on 09/24/2019 of the Ruling and Order on Writ of Mandate dated 9/24/2019 to each of the persons listed

---

[11] The September 24 ruling that the clerk sent to the parties contains a stamp stating: "Endorsed"; the date (September 24, 2019); the trial judge's name; the clerk of court's name; and a deputy clerk's name.

below, by depositing such notice in the United States Mail, enclosed in sealed envelopes with postage prepaid"

b.  *Alarcon's November 7, 2019 notice of appeal*

On November 7, 2019, Alarcon filed a notice of appeal from the September 24 ruling.  Alarcon's notice of appeal attached a file-stamped copy of the September 24 ruling.

c.  *The trial court's November 21, 2019 "judgment"*

On November 21, the court entered a "judgment."  The "judgment" states in relevant part:

> "1. The Petition for Writ of Mandate filed by [the City] under Code of Civil Procedure section 1094.5 (Case No. ECU000297) is DENIED.  A true and correct copy of the Court's Ruling and Order is attached hereto as Exhibit 'A' and incorporated herein.[12]
>
> "2. Judgment in favor of Respondent Robert Bergeson and Real Party in Interest Rudy Alarcon and against [the City] is hereby entered for Case No. ECU000297.
>
> "3. The Petition for Writ of Mandate filed by Petitioner Rudy Alarcon under Code of Civil Procedure section 1094.5 (Case No. ECU000318) is DENIED.  A true and correct copy of the Court's Ruling and Order is attached hereto as Exhibit 'A' and incorporated herein.
>
> "4. Judgment in favor of Respondent [the City] and against Petitioner Rudy Alarcon is hereby entered for Case No. ECU000318."

The following day, November 22, the City served Alarcon with notice of entry of the November 21 "judgment."

---

12    The Exhibit "A" incorporated into the judgment is the September 24 "Declaration of Mailing," and the September 24 "Ruling and Order on Writ of Mandate."

11

d. *The trial court's service of notice of Alarcon's appeal*

On December 3, 2019, the trial court clerk mailed a notice of Alarcon's appeal to the City.[13]

e. *The City's notice of cross-appeal*

On January 21, 2020, the City filed a notice of cross-appeal. Although the first page of the notice of cross appeal did not state the date of the judgment from which the City was appealing, the City attached the November 21, 2019 "judgment" (including Exhibit "A" containing the September 24 "Declaration of Mailing," and the September 24 "Ruling and Order on Writ of Mandate." The City's notice of cross-appeal stated that the original notice of appeal in the matter (i.e., Alarcon's appeal) had been filed on November 7, 2019 and that the superior court clerk had mailed notice of the original appeal on November 13.[14]

f. *Supplemental briefing on timeliness of the City's cross-appeal*

In February 2020, this court sent the parties a letter that stated:

> "[City's] notice of cross-appeal indicates [City] is cross-appealing an order denying petition for writ of mandate filed September 24, 2019, and that the superior court clerk mailed notice of appellant Rudy Alarcon's original appeal on November 13, 2019. Under California Rules of Court, rule 8.108(g), the time for [City] to file a cross-appeal was extended until '20 days after the superior court clerk serves notification of the first appeal,' or until December 3, 2019, in this case. [City's] notice of cross-appeal filed January 21,

---

13    See footnotes 14 and 17, *post*.

14    As discussed in footnote 17, *post*, it appears that the trial court clerk mailed a notice of Alarcon's appeal to the City's counsel on November 13, but the November 13 mailing was sent to the wrong address. However, even assuming that the City was not served with notice of Alarcon's appeal until December 3, 2019, for reasons stated in part III.B.3, *post*, the City's cross-appeal is still untimely.

12

2020, appears untimely. If a notice of appeal is filed late, the appellate court is without jurisdiction to proceed and must dismiss the appeal. (California Rules of Court, rule 8.104(b); *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.)

"The court requests that within 10 days of the date of this letter, [City] submit a letter explaining why its cross-appeal should not be dismissed as untimely. Any other party may also address the timeliness of the notice of cross-appeal by letter within the same time period."

In response to this court's letter, the City filed a letter brief.[15] In its letter brief, the City described the procedural history of the case as follows:

"The County of Imperial Superior Court issued a ruling and order denying the writ of mandate on September 24, 2019 (Imperial County Super. Ct. No. ECU000297). Since the superior court did not issue a notice of entry of judgment, the City filed a proposed judgment with the superior court, which the superior court signed on November 21, 2019. Immediately thereafter on November 22, 2019, the City served a Notice of Entry of Judgment on all parties. The Notice of Entry of Judgment is enclosed with this letter as Attachment A.

"On November 4, 2019,[16] Appellant Rudy Alarcon filed a Notice of Appeal. Alarcon filed his appeal prior to any notice of entry of judgment issued by the superior court or any party.

---

[15]     Alarcon did not file a response to our letter.

[16]     Although not material to our analysis, Alarcon actually filed his notice of appeal on November 7, 2019.

13

"The superior court clerk served the City with notification of Alarcon's original appeal on December 3, 2019.[17] Enclosed in this letter as Attachment B is the County of Imperial Superior Court's Declaration of Mailing, dated December 3, 2019. The Notice of Appeal Filed is dated November 13, 2019 but it was not served on the City until December 3, 2019."[18]

The City argued that, pursuant to California Rules of Court, rule 8.104 (Rule 8.104) and California Rules of Court, rule 8.108 (Rule 8.108),[19] it had until January 21, 2020 to file an appeal—60 days after the City's November 22, 2019 service of notice of entry of the November 21, 2019 "judgment."

After receiving the City's letter, this court issued an order permitting the City's cross-appeal to proceed but stating that "the timeliness of the appeal is subject to further consideration during the pendency of the appeal."[20]

---

[17]    The City stated the following in a footnote:

"The superior court's Certificate of Mailing attached to the Notice of Appeal Filed is dated November 13, 2019, however, the superior court served it to our firm's old office address. Our firm notified the superior court of its address change in June or July 2019. Thereafter, the superior court served the Notice of Appeal Filed with a Declaration of Mailing to our new and correct address on December 3, 2019."

[18]    The City attached the November 22, 2019 notice of entry of judgment and the December 3, 2019 declaration of mailing to its letter brief.

[19]    We discuss those rules in part III.B.2, *post*.

[20]    Neither party addressed the timeliness of the City's cross-appeal in their primary briefing in this court.

14

2. *Principles of appellate jurisdiction*

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 (*Griset*).)

"Compliance with the time for filing a notice of appeal is mandatory and jurisdictional. [Citation.] If a notice of appeal is not timely, the appellate court must dismiss the appeal. [Citation.]" (*Laraway, supra*, 98 Cal.App.4th at p. 582; see Rule 8.104, Rule 8.108.)

Rule 8.104 provides in relevant part:

> "**(a) Normal time**
>
> "Unless a statute or rules 8.108, 8.702, or 8.712[21] provides otherwise, a notice of appeal must be filed on or before the earliest of:
>
> "(1) (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served;
>
> "(B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or
>
> "[¶] . . . [¶]
>
> "**(b) No extension of time; late notice of appeal**

---

21    As discussed, *post*, Rule 8.108 may operate to extend the time for filing an appeal under certain circumstances.

California Rules of Court, rule 8.702 pertains to cases under the California Environmental Quality Act. California Rules of Court, rule 8.712 pertains to appeals of orders dismissing or denying a petition to compel arbitration. Neither has any relevance to this case, and no other statute provides for a different time for the filing of a notice of appeal in this case.

"Except as provided in rule 8.66,[22] no court may extend the time to file a notice of appeal. If a notice of appeal is filed late, the reviewing court must dismiss the appeal.

"[¶] . . . [¶]

"**(e) Appealable order**

"As used in (a) and (d), 'judgment' includes an appealable order if the appeal is from an appealable order."

Rule 8.108 provides in relevant part:

"**(a) Extension of time**

"This rule operates only to extend the time to appeal otherwise prescribed in rule 8.104(a); it does not shorten the time to appeal. If the normal time to appeal stated in rule 8.104(a) is longer than the time provided in this rule, the time to appeal stated in rule 8.104(a) governs.

"[¶] . . . [¶]

"**(g) Cross-appeal**

"(1) If an appellant timely appeals from a judgment or appealable order, the time for any other party to appeal from the same judgment or order is extended until 20 days after the superior court clerk serves notification of the first appeal."

---

22 California Rules of Court, rule 8.66 provides for a tolling of time periods specified in the rules of court due to a public emergency. This rule has no relevance to this appeal.

3. *Application*

    a. *The 60-day period under Rule 8.104*

        i. *The September 24 ruling was an appealable judgment under* Laraway

An order granting or denying a petition for writ of mandate that disposes of all of the claims between the parties is an immediately appealable final judgment.[23] In *Laraway*, the petitioner filed a petition for a writ of mandamus and prohibition as well as injunctive and declaratory relief, seeking certain public records from a school district and several of its employees (collectively "District"). (*Laraway, supra*, 98 Cal.App.4th at pp. 580–581.) On August 23, 2000, the trial court entered an " '*order* regarding petitioner's motion for writ of mandamus, prohibition, injunctive and declaratory relief . . . .' " (*Id.* at p. 581, italics added in *Laraway*.) The August 2000 order "completely resolved all issues between all parties." (*Id.* at p. 582.)[24] The *Laraway* court noted that the August 2000 order did not

---

[23]    An order denying a petition for writ of mandate is not appealable if causes of action or issues remain pending between the parties or some further action on the petition is contemplated. (See, e.g., *Griset, supra*, 25 Cal.4th at p. 697 [" 'the denial of a petition for writ of mandate is not appealable if other causes of action remain pending between the parties' "].)

[24]    Specifically, in the order, the trial court in *Laraway* denied the petitioner's requests for a writ of mandamus or prohibition or for injunctive relief. (*Laraway, supra*, 98 Cal.App.4th at p. 581.) The order also denied in part and granted in part the petitioner's request for declaratory relief, and directed the District to provide the petitioner with a copy of a particular public record. (*Ibid.*)

In a footnote, the *Laraway* court noted that the August 2000 order did *not* award attorney fees or costs, but observed that this fact was irrelevant to a determination of whether the order was a final judgment. (*Laraway, supra*, 98 Cal.App.4th at p. 582, fn. 3.)

17

"contemplate nor direct the preparation of any further order or judgment." (*Ibid.*) In January 2001, the trial court in *Laraway* filed a judgment that "simply reiterated that the court had 'ruled by Order dated August 23, 2000' on the petition, set forth the same rulings as contained in the order denying the petition, added a provision that judgment was entered in favor of respondent and against petitioner, and awarded respondent $0 in costs against petitioner." (*Ibid.*) In late March or early April 2001,[25] the petitioner filed a notice of appeal from the January 2001 judgment. On April 19, 2001, the District filed a cross-appeal from that same judgment. (*Ibid.*)

The *Laraway* court concluded that the August 2000 order was "properly treated as a final judgment" because it "contemplated no further action, such as the preparation of another order or judgment [citation], and disposed of all issues between all parties." (*Laraway, supra*, 98 Cal.App.4th at p. 583.) The *Laraway* court added that "the subsequent judgment entered on January 29, 2001 was simply a repetition of the August 23, 2000 order." (*Ibid.*) The *Laraway* court concluded that the Court of Appeal lacked jurisdiction over the appeal and the cross-appeal from the January 2001 judgment, reasoning:

> "Once a final, appealable order or judgment has been entered, the time to appeal begins to run. The [r]ules of [c]ourt do not provide, once a judgment or appealable order has been entered, that the time to appeal can be restarted or extended by the filing of a subsequent judgment or appealable order making the same decision. Thus, once the August 23, 2000 order was entered, the time within which to file a notice of appeal therefrom began to run, and could not be restarted by the relabeling of the trial court's earlier decision and then entering such 'judgment' at a later date.

---

[25] The *Laraway* court noted that the notice of appeal contained in the record was dated March 28, but was not file stamped. (*Laraway, supra*, 98 Cal.App.4th at p. 582, fn. 4.)

"Because the parties failed to file timely notice of appeal from the August 23, 2000 order, the petitioner's appeal and respondent's cross-appeal, filed more than 180 days after entry of the August 23, 2000 order, were untimely, and both such appeals must be dismissed." (*Ibid.*)

*Laraway* is in accord with well-established law. (See, e.g., *Breslin v. City and County of San Francisco* (2007) 146 Cal.App.4th 1064, 1073–1074 [determining that "order effectively disposing of all four causes of action pled in the petition notwithstanding the lack of a formal judgment so stating," was appealable and treating "the trial court's order denying issuance of a writ of mandate as the equivalent of a final judgment on all of these causes of action"]; *Nerhan v. Stinson Beach County Water Dist.* (1994) 27 Cal.App.4th 536, 539 ["the appealability of the denial of a petition for writ of mandate is based on whether the trial court contemplated taking any further action. Where no further action is contemplated, the order denying the petition for writ of mandate is a final judgment in a special proceeding"]; accord *Griset, supra*, 25 Cal.4th at p. 699 ["we conclude the 1991 superior court ruling . . . was a final judgment" because "the superior court's denial of plaintiffs' petition for a writ of mandate disposed of all issues in the action between plaintiffs and the [defendant]"]; see also Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2020) ¶ 2:38 ["If it is a final judgment in legal effect, even a seemingly nonappealable 'order' may be an appealable final judgment," citing, inter alia, *Laraway, supra*, 98 Cal.App.4th at p. 583].)

In the September 24 ruling, the trial court denied all of the parties' claims for relief in their entirety, and did not contemplate any further action in the case. Thus, as in *Laraway*, the September 24 ruling is "properly treated as a final judgment" because it "contemplated no further action, such

19

as the preparation of another order or judgment [citation], and disposed of all issues between all parties." (*Laraway, supra*, 98 Cal.App.4th at p. 583.)

While the City correctly notes in its letter brief that "the City filed a proposed judgment with the superior court, which the superior court signed on November 21, 2019," as in *Laraway*, this second judgment "simply reiterated" that the court had ruled on the petition and "set forth the same rulings as contained in the order denying the petition." (*Laraway, supra*, 98 Cal.App.4th at p. 582.) There is nothing in the September 24 ruling itself, nor anything else in the record, demonstrating that the trial court contemplated that the court or the parties would take further action in the case such that the September 24 ruling was not final and therefore, appealable. The mere fact that the trial court entered a subsequent judgment after issuing the September 24 ruling is irrelevant, because the September 24 ruling was itself a final judgment. (See *Laraway, supra*, at p. 583.)

> ii. *The trial court clerk served the City with a filed-endorsed copy of the September 24 ruling, showing the date that the ruling was served*

In *Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894 (*Alan*), the Supreme Court considered whether, in light of the text of former rule 8.104(a)(1),[26] the former rule "require[d] a single, self-sufficient

---

[26] The version of former Rule 8.104(a)(1) at issue in *Alan* provided that, unless a relevant statute or rule of court provided otherwise, a notice of appeal must be filed "60 days after the superior court clerk *mails* the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was *mailed*. . . . " (*Alan, supra*, 40 Cal.4th at p. 898, italics added, quoting former Rule 8.104(a)(1).)

As noted in part III.B.2, *ante*, Rule 8.104(a)(1), currently provides for an appeal period of "60 days after the superior court clerk *serves* on the party

20

document that satisfies all the rule's conditions," including specifying the date that the document was mailed.  (*Alan, supra*, at p. 902.)  The *Alan* court explained that the text of former rule 8.104(a)(1) was ambiguous with respect to this issue:

> "This case . . . reveals an ambiguity in [former] rule 8.104(a)(1).  The rule refers to '*a document* entitled "Notice of Entry" of judgment *or a file-stamped copy* of the judgment, [footnote omitted] showing the date either was mailed.' ([Former] Rule 8.104(a)(1), italics added.)  The reference to 'a document . . . or a file-stamped copy of the judgment' appears to contemplate a single document that itself shows the date on which it was mailed and, thus, satisfies all of the rule's requirements without reference to other documents.  This initial clarity is obscured, however, by subdivision (a)(1)'s final participial phrase—'showing

---

filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was *served*."  (Italics added.)

The Advisory Committee comment that accompanied the amendment of Rule 8.104(a)(1) to refer to *service* of a notice of entry of judgment or filed-endorsed copy of the judgment rather than the *mailing* of a notice of entry of judgment or file-stamped copy of the judgment provided:

> "Under subdivision (a)(l), a notice of entry of judgment (or a copy of the judgment) must show the date on which the clerk served the document.  *The proof of service establishes the date that the 60-day period under subdivision (a)(l) begins to run*."  (Advisory Comment to former Rule 8.104(a), as eff. Jan. 1, 2010, italics added.)

This comment remains as part of the official Advisory Committee comments to Rule 8.104, albeit reformulated to reference Rule 8.104(a)(1)(A).  (Advisory Comment to Rule 8.104(a).)

We need not consider whether the *Alan* court's "single document" holding remains good law in light of this amendment to 8.104(a)(1)(A) and the accompanying amendment to the Advisory Comment, because we conclude that the clerk's September 24 mailing of the September 24 ruling and declaration of mailing satisfied *Alan* and triggered the 60-day period for the City to appeal.

21

the date either was mailed . . . .' (*Ibid*.) If that phrase modifies the immediately preceding, alternative nominal phrases—'a document entitled "Notice of Entry" of judgment' and 'a file-stamped copy of the judgment'—the interpretation suggested above is correct: [former] rule 8.104(a)(1) requires a single document, sufficient in itself to satisfy the rule's conditions. Alternatively, if the final participial phrase modifies the noun 'clerk' that appears earlier in the sentence, then the rule demands only that the clerk show in some manner—and not necessarily on the face of the 'Notice of Entry' or appealable order—the date on which he or she mailed that document." (*Alan, supra*, at pp. 900–901.)

The *Alan* court resolved the issue by concluding that, although former rule 8.104(a)(1) did require the mailing of a *single* document that satisfies the rule's date-of-mailing condition, a clerk could satisfy this condition by *attaching* a certificate of mailing to the document being served attesting to the date of its mailing:

> "[W]e conclude that rule 8.104(a)(1) does indeed require a single document—either a 'Notice of Entry' so entitled or a file-stamped copy of the judgment or appealable order— that is sufficient in itself to satisfy all of the rule's conditions, including the requirement that the document itself show the date on which it was mailed. *That having been said, we see no reason why the clerk could not satisfy the single-document requirement by attaching a certificate of mailing to the file-stamped judgment or appealable order, or to a document entitled 'Notice of Entry.'* Obviously[,] a document can have multiple pages. But the rule does not require litigants to glean the required information from multiple documents or to guess, at their peril, whether such documents in combination trigger the duty to file a notice of appeal. 'Neither parties nor appellate courts should be required to speculate about jurisdictional time limits.' [Citation]." (*Alan, supra*, 40 Cal.4th at p. 905, italics added.)

22

In this case, on September 24, the trial court clerk served the City with a filed-endorsed copy of the September 24 ruling[27] together with a declaration of mailing that showed the date that the clerk served the ruling. (See pt. III.B.1.a, *ante*.) This mailing provided the City with clear notice of the time to file an appeal from the September 24 ruling under Rule 8.104(a)(1)(A) and satisfied the single document rule of *Alan*.[28] Decisions from the Court of Appeal are in accord. (See *Marshall v. Webster* (2020) 54 Cal.App.5th 275, 280 (*Marshall*) ["[t]he [appealable] order granting defendant's anti-SLAPP motion was filed on May 11, 2018, and the clerk served a signed, filed-endorsed copy of the ruling the same day. Accordingly, under rule 8.104(a)(1)(A), the notice of appeal from that order had to be filed within 60 days of May 11" (fn. omitted)];[29] *Russell v. Foglio* (2008) 160 Cal.App.4th 653, 657 (*Russell*) [concluding that 60-day appeal period triggered by clerk's mailing of file-stamped copy of appealable order "accompanied by a clerk's endorsement of the date of mailing to the parties"].)

While the City correctly states in its letter brief that "the superior court did not issue a notice of entry of judgment," as discussed above, the sixty day period to appeal in Rule 8.104 (a)(1)(A) is triggered by the clerk's service of "a document entitled 'Notice of Entry' of judgment *or a filed-endorsed copy of the judgment*, showing the date either was served." (Italics added.) Thus, the

---

[27]    We concluded in part III.B.3.a.i, *ante,* that the September 24 ruling was a judgment.

[28]    We assume for purposes of this decision that *Alan*'s single-document rule remains good law. (See fn. 26, *ante*.)

[29]    The *Marshall* court noted that the "order included a certification of mailing to the parties dated and signed on May 11, 2018, by E. Fisher, deputy clerk of the court." (*Marshall, supra*, 54 Cal.App.5th at p. 278.)

23

trial court clerk's service of a file-endorsed copy of the September 24 ruling that included a declaration of mailing showing the date that the ruling was served triggered the sixty day period to appeal contained in Rule 8.104 (a)(1)(A). (See *Alan, supra*, 40 Cal.4th at p. 905; *Marshall, supra*, 54 Cal.App.5th at p. 280; *Russell, supra*, 160 Cal.App.4th at p. 657.)

>        iii. *The "normal time" for the City to appeal under Rule 8.104(a)*

Because the trial court clerk served the City with a filed-endorsed copy of the September 24 ruling that same day, showing the date that the ruling was served, the "normal time" (Rule 8.104(a)) for the City to appeal the September 24 ruling expired on November 25, 2019 — 62 days after September 24. (See 8.104(a)(1) ["a notice of appeal must be filed on or before the earliest of . . . (A) 60 days after the superior court clerk serves on the party filing the notice of appeal . . . a filed-endorsed copy of the judgment, showing the date [it] was served"].)[30]

We reject the City's argument, raised in its letter brief, that it had until January 21, 2020 to file an appeal—60 days after the City's November 22, 2019 service of notice of entry of the *November 21, 2019* "judgment." As explained in part III.B.3.a.i, *ante*, the fact that the trial court entered a document denominated a "judgment" on November 21, 2019 after having issued the September 24 ruling is irrelevant, because the September 24

---

[30]    Because November 23, 2019 was a Saturday, the 60-day period expired on Monday November 25, 2019. (See Cal. Rules of Court, rule 1.10 ["The time in which any act provided by these rules is to be performed is computed by excluding the first day and including the last, unless the last day is a Saturday, Sunday, or other legal holiday, and then it is also excluded"].)

ruling was itself a final judgment. (See *Laraway, supra*, 98 Cal.App.4th at p. 583.) In short, the City's 60-day period to appeal was not restarted by the trial court's issuance of the November 21, 2019 "judgment" that merely reiterated the rulings contained in the court's September 24 ruling.

### b. *The City's time to appeal was extended pursuant to Rule 8.108(g) to no later than December 23, 2019*

Alarcon timely appealed from the September 24, 2019 judgment. The trial court clerk served the City with notice of Alarcon's appeal no later than December 3, 2019.[31] Thus, pursuant Rule 8.108(g)(1), the City was required to file its cross-appeal no later than December 23, 2019. (See Rule 8.108(g)(1) ["[i]f an appellant timely appeals from a judgment or appealable order, the time for any other party to appeal from the same judgment or order is extended until 20 days after the superior court clerk serves notification of the first appeal"].)

### c. *The City's notice of cross-appeal was filed later than December 23, 2019 and thus is untimely*

The City filed its notice of cross-appeal on January 21, 2020, which is after December 23, 2019—the latest day on which the City could have filed its cross-appeal. Thus, the City's cross-appeal is untimely and must be dismissed. (*Laraway, supra*, 98 Cal.App.4th at p. 582; Rule 8.104(b).)

---

[31] As noted in part III.B.1.f, *ante*, the City stated in its February 6, 2020 letter to this court that "the superior court clerk served the City with notification of Alarcon's original appeal on December 3, 2019," and explained that the trial court clerk had previously sent a notification of Alarcon's appeal to the City's counsel's former address.

25

IV.

DISPOSITION

With respect to Alarcon's appeal from the September 24, 2019 ruling denying Alarcon's petition for writ of mandate, the judgment is affirmed.

The City's cross-appeal is dismissed.

The parties are to bear their own costs on appeal.


AARON, J.

WE CONCUR:

O'ROURKE, Acting P. J.

DATO, J.